268 So.2d 567 (1972)
AMERICAN NATIONAL BANK et al., Appellants,
v.
Charlotte LAU, Appellee.
No. 71-703.
District Court of Appeal of Florida, Second District.
June 23, 1972.
Rehearing Denied November 30, 1972.
*568 Howard P. Rives, of Cooper, Rives & Baskin, Clearwater, for appellant American National Bank, and joinder appellants Herman McMurry and Peggy A. McMurry.
Henry P. Trawick, Jr., of Millican & Trawwick, Sarasota, for appellant Howdeshell Plumbing, Inc.
N.S. Gould of Phillips, McFarland, Gould & Korones, Clearwater, for appellants George A. LaPiene and Versie D. LaPiene.
Gardner W. Beckett, of Nelson, Beckett, Nelson & Thomas, St. Petersburg, for appellee Charlotte Lau.
*569 McNULTY, Judge.
This is an interlocutory appeal from an order striking certain defenses of appellants made to an amended motion to vacate brought by appellee under Rule 1.540(b), R.C.P., 31 F.S.A. Appellee's motion seeks to set aside an order confirming the sale of property previously owned by her which was sold pursuant to a mechanics' lien foreclosure. The parties appellant, named here in the order in which they became involved with the property and this proceeding, are Howdeshell Plumbing, Inc., Herman and Peggy McMurry, American National Bank, and George and Versie LaPiene.
This case began way back in 1963 with a complaint for a mechanics' lien foreclosure brought by appellant Howdeshell Plumbing. Appellee was personally served as the fee owner of the property involved and did not appear. A decree pro confesso was entered against her almost a year later in 1964, and a final decree of foreclosure was entered more than a year after that on June 30, 1965. Howdeshell Plumbing and two other lienors who were joined in the suit were held entitled to proceeds of the sale thereafter ordered, and Howdeshell was the successful bidder at such sale for $511.00 (the amount owed to it under the foreclosure decree). On October 18, 1965 the chancellor entered an order confirming the foreclosure sale and a master's deed was issued to Howdeshell Plumbing. Several months later Howdeshell Plumbing sold the property to the McMurrys who on the same date executed an $8,000 mortgage to appellant American National Bank.
Thereafter, on October 17, 1966, appellee filed her original motion to vacate the order confirming sale (which was entered 364 days earlier on October 18, 1965 as aforesaid), addressing said motion only against the successful foreclosure plaintiff, Howdeshell Plumbing. Appellants LaPiene, the present owners, then came into the picture by purchasing the property from the McMurrys in 1968.
Three years later, on May 12, 1971, appellee filed an "Amended Motion" to vacate in which she seeks to join the appellant bank and appellants McMurry and LaPiene, and all appellants filed their defenses to such motion. Thereafter, certain of such defenses of each appellant were stricken by the order appealed from herein and this appeal ensued. We reverse.
As noted, appellee seeks to set aside the order confirming sale pursuant to Rule 1.540(b), R.C.P., which provides in pertinent part as follows:[1]
"(b) ... On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation."
Appellee's basic contention made in her motion is this: that the foreclosure sale involved herein was invalid for the reason that appellant Howdeshell Plumbing purchased the property for only $511.00, when the property in fact had a fair market value of at least $10,500.00, and thus the sale *570 price was so inadequate as to shock the conscience of the court and raise a presumption of "surprise or some misadventure." She explains the obvious delay in seeking redress by alleging that for some time before and after the foreclosure sale herein she was suffering from a nervous breakdown and in fact had been adjudicated incompetent in April of 1966. She was restored some five months later, she says, in September of 1966, after which she promptly began the instant post-decretal proceeding.
The defenses of all appellants which were stricken, and concerning which this appeal is taken, essentially assert first, that appellee's motion to vacate was not timely filed as to any of them, and secondly, even if it were timely, that the allegations therein are insufficient to afford relief under Rule 1.540(b), supra.
Concerning the timeliness of appellee's motion, we can see a bifurcated problem. First, the original motion under Rule 1.540(b), supra, was addressed solely against Howdeshell Plumbing and it prayed for relief from the order confirming sale. We hold initially that since this original motion was filed within one year from that order it was at least prima facie timely as to Howdeshell Plumbing.[2] We reject Howdeshell's contentions that the amended motion was not timely because it was not filed within one year and that it was, in effect, a "new" motion. The amendment raised no new or different grounds for relief as against Howdeshell and consequently is part of and stands in the place of the original motion.[3] It merely sought to join all other appellants. The grounds relied upon for relief against Howdeshell, however, will be discussed infra.
Concerning now the timeliness of the amended motion as to the remaining appellants, even if such a post-decretal procedure is available against them under the peculiar facts herein, it is new to them and comes too late. The grounds alleged, assuming they are cognizable under reasons (1), (2) or (3) of the rule aforesaid, were made as to them more than one year after the order confirming sale; and, too, there is no allegation in either the original or amended motion for relief which would bring into play reason (5) for relief under the rule as against any of the appellants. It follows that if appellee is entitled to relief as against any of the latter appellants at all under the rule it would have to be within the contemplation of reason (4) thereof, i.e., that the order appealed from is void. Since the essential ground relied upon for relief is the "gross inadequacy" of the sale price at the foreclosure sale we would be compelled to say, then, if appellee were to prevail, that "gross inadequacy" renders the sale void, as distinguished from voidable. We think the rationale of the settled cases,[4] notably our previous holding in Edward A. Lashins, Inc. v. Baumann,[5] which reject the proposition that gross inadequacy of price is alone sufficient to justify overturning a judicial sale, militates against such a conclusion. A fortiori, such ground would not void such a sale. Accordingly, we hold that gross inadequacy at a judicial sale will not, of itself, void the sale or an order confirming sale so as to afford relief under Rule 1.540(b), and we hold *571 further that such inadequacy of itself will not give rise to a presumption of irregularity. It follows in sum, therefore, that all of the defenses of appellants American National Bank, McMurrys and LaPienes, relating to timeliness of appellee's amended motion, and which were stricken, are well taken and should not have been so stricken.
We come now to the second basic contention of appellants, that is that appellee's allegations are insufficient for relief under Rule 1.540(b) even if timely made. We have noted that the gravamen of appellee's complaint is the "gross inadequacy" of the purchase price bid at the foreclosure sale which she was unable to avoid or counter at or after such sale because of her mental incompetence. We have noted, too, that inadequacy alone is not sufficient to set aside a judicial sale or to give rise to a presumption of irregularity, and that it certainly will not void a judicial sale. But nevertheless, gross inadequacy of price together with other facts and circumstances may render such sale voidable, or at least such a composite may address itself to a court of equity to prevent a wrong result. The general rule was stated by our Supreme Court in Arlt v. Buchanan:[6]
"... standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result."
It remains to be seen therefore if appellee's motion sufficiently alleges additional facts or circumstances which would support mistake, accident, surprise, fraud, misconduct or irregularity.
As to this, we observe at the outset that allegations of her mental incompetency relate more to the sufficiency of an excuse in failing to protect her allegedly infringed rights than they do to establishing any of the foregoing augmenting grounds for relief such as mistake, accident, surprise, etc. Accordingly, these allegations add little, if anything, to the alleged inadequacy of price.
Additionally, we can find nothing in appellee's original or amended motion to vacate which sufficiently alleges wrongdoing on the part of any of the appellants or which gives rise to a prima facie showing of irregularity. As to Howdeshell Plumbing, appellee seeks to charge irregularities on its part by alleging that there was no pro-rata division of the sale proceeds between Howdeshell Plumbing and the other two lienors who prevailed in the foreclosure action. We fail to see how this prejudices appellee even if it contributed to the lower bidding price at the sale since there is no allegation that a deficiency decree was entered against her in an amount equal to that payable to the other two judgment lienors; and the property was amenable to satisfaction of all the liens to begin with. Anyway, in her very next allegation she says that Howdeshell Plumbing had "colluded" with the other two lienors in that Howdeshell Plumbing agreed to pay off their claims thus eliminating competitive bidding between them. How does this prejudice appellee? In the first place, it assures payment of those two liens. Furthermore, such an agreement between the lienors surely could not have prevented appellee, nor any other member of the public for that matter, from appearing at the sale to bid up the purchase price, and it certainly cannot be inferred from such allegations that the other two lienors or either of them, had they been present, would have bid up the property over and above their respective claims. Finally, we cannot see how Howdeshell Plumbing can be charged with appellee's inability to appear at the sale because of her mental incapacity. She was not, indeed, declared incompetent until long *572 after the sale, thus no legal impediment to such a sale existed at the time thereof, and there is no allegation of fraud or overreaching on the part of Howdeshell Plumbing which can be said to be a basis for estopping Howdeshell from denying appellee's incompetence at such time. The allegations against Howdeshell Plumbing are insufficient.
As to the remaining appellants, appellee does not make a single allegation of irregularity on their part at or before the sale which she is seeking to attack. To be sure, she does accuse the bank and the McMurrys of some chicanery at the time of the McMurry's subsequent purchase from Howdeshell, but surely this cannot, even if true, contaminate the foreclosure sale which took place much earlier when no connection between the two sales is alleged. Appellee simply attempts to charge the remaining appellants with the same wrongs alleged against Howdeshell Plumbing merely because there is a record of a grossly inadequate purchase price bid in by the latter. We have exonerated Howdeshell from any wrongdoing. But even so, and even assuming wrongdoing, we have hereinabove held that the "notice" relied upon (i.e., the grossly inadequate sale price) is not of itself sufficient to give rise to a presumption of irregularity; and we now further hold that it is insufficient to warn anyone that he must proceed in dealing with the property involved at his peril. Stated otherwise, anyone subsequently dealing with property sold at a judicial sale has a right to rely on the apparent finality of the judicial proceeding giving rise to the instrument creating a new chain of title, and in the absence of any other patent irregularity in such proceedings he need not concern himself with the recorded consideration or purchase price given at the sale, however apparently inadequate.
It becomes clear then that all of the defenses of all appellants addressed both to timeliness of the motions and to the sufficiency of the allegations made therein were well taken and should not have been stricken. The order appealed from is therefore reversed, and the cause is remanded for further proceedings not inconsistent herewith.
LILES, A.C.J., and DAYTON, ORVILLE L., Jr., (Ret.), Associate Judge, concur.
NOTES
[1] Rules of Civil Procedure, 1970, 31 F.S.A.
[2] It is to be noted that the rule requires a motion thereunder be filed within a "reasonable time," but as to grounds (1), (2) or (3) not later than one year. Thus, we say the motion herein as to Howdeshell was prima facie timely because even though within one year it might still have been beyond a "reasonable time" as might be shown by a subsequent pleading if one were appropriate.
[3] Cf. Walker Fertilizer Company v. Cole (1940), 144 Fla. 37, 197 So. 777.
[4] See, e.g., Arlt v. Buchanan (Fla. 1966), 190 So.2d 575; Subsaro v. Van Heusden (Fla.App. 1966), 191 So.2d 569; Edward A. Lashins, Inc. v. Baumann (Fla.App. 1967), 201 So.2d 495; and Levy v. Gourmet Masters, Inc. (Fla.App. 1968), 214 So.2d 82.
[5] See, Lashins, id.
[6] See, Arlt, n. 4, supra.