287 So.2d 352 (1973)
C.J. VAN DELINDER, Appellant,
v.
ALBION REALTY & MORTGAGE, INC., a Florida Corporation, Appellee.
Nos. 73-1067, 73-1036.
District Court of Appeal of Florida, Third District.
December 4, 1973.
Rehearing Denied January 21, 1974.
*353 C.J. Van Delinder, in pro per.
Friedman, Britton & Stettin, Miami, and Bennett A. Spector, Miami Beach, for appellee.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
CARROLL, Judge.
Following a foreclosure sale at which real estate of some substantial value was sold upon a bid of $50, the mortgagee filed a motion to set aside the sale. In support thereof it was disclosed the owner became deprived of an opportunity to bid at the sale when, because of inadvertence or a mistake, an attorney who was to represent him there for that purpose was not present. The court granted the motion, and ordered the sale set aside and directed a resale. The purchaser appealed.
While the general rule is that inadequacy of price standing alone is not a ground for setting aside a judicial sale, where the inadequacy is gross and is sulting injustice tothe complaining party, shown to result from a mistake, accident, surprise, fraud, misconduct or irregularity on the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, the court will act to prevent the wrong result. Lawyers' Co-operative Pub. Co. v. Bennett, 34 Fla. 302, 16 So. 185; City of Sanford v. Ashton, 131 Fla. 759, 179 So. 765; Eristavi-Tchitcherine v. Miami Beach Federal Savings & Loan Assn, 154 Fla. 100, 16 So.2d 730; Arlt v. Buchanan, Fla. 1966, 190 So.2d 575, 577.
Based on the law as pronounced in the cited cases, the order entered was one within the discretion of the court, and in the circumstances presented we hold such action by the trial court was not an abuse of discretion.
Affirmed.