382 So.2d 383 (1980)
JOHN CRESCENT, INC., and Belmont Holding Corp., Appellants,
v.
Theodore SCHWARTZ, Collins E. Peterson et Ux., Appellees.
No. 77-2343.
District Court of Appeal of Florida, Fourth District.
April 2, 1980.
Rehearing Denied May 8, 1980.
*384 Robert L. Wunker of Grimditch, Bentz, Witte & Wunker, P.A., Pompano Beach, and Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellants.
Richard B. Mateer of Koski, Mateer & Gillespie, P.A., Boca Raton, for appellees.
MOORE, Judge.
This is an appeal from a final order vacating a judicial sale and setting aside a certificate of title issued to the appellant, John Crescent, Inc., the purchaser at a foreclosure sale. The appellees, Collins E. Peterson and Margaret E. Peterson, were husband and wife and owners of a marital home encumbered by a second mortgage in favor of the appellee, Theodore Schwartz.
When the Petersons were in substantial default on their mortgage payments, Mr. Schwartz filed a complaint to foreclose the mortgage. Service of process was perfected upon each of the Petersons by service upon Mrs. Peterson who acknowledged receipt of process, but later testified that she was under the belief that the service related to a matter other than the foreclosure action. After holding the papers which she received for one day, she then threw them away without notifying her husband that she had received them. Since the appellees failed to respond to the complaint, the mortgagee obtained a summary final judgment foreclosing the mortgage and directing a judicial sale of the home. Neither of the Petersons appeared at the judicial sale.
Appellants argue the trial court erred in vacating the judicial sale and setting aside the certificate of title, contending that appellees failed to allege a sufficient legal or factual basis to support such a ruling. The issue before us is whether a wife's failure to notify her husband of pending proceedings, when the wife is suffering from an "emotional condition of unresolved anxiety", is sufficient cause to set aside a judicial sale *385 and vacate a certificate of title. We hold that it is not and reverse.
Upon receipt of appellants' motion for writ of assistance and notice of hearing, the appellees immediately filed their motions to set aside the default judgment and the sale and to vacate the clerk's certificate of title. They alleged, in general terms, that the default judgment was entered through their own mistake, inadvertence, surprise or excusable neglect, and that they did not know of, or comprehend, the legal effect of the service of process. In two lengthy orders, the trial court made specific findings of fact. He found that the home had a fair market value of approximately $48,000, that the appellees had an equity in the home of approximately $30,000, and that the home was purchased at the foreclosure sale for $5,000. He concluded the sale price to be grossly inadequate. He also found that although Mrs. Peterson held a demanding job outside the home and appeared to be a responsible and capable individual, that she was suffering from an emotional condition of unresolved anxiety. From these findings he concluded that appellees were guilty of excusable neglect. Although he refused to set aside the default judgment, presumably because no meritorious defense was alleged, he did find that the wife's condition constituted that kind of "mistake, accident or surprise" necessary to invoke the equity powers of the court. He therefore vacated the judicial sale and set aside the certificate of title.
In Arlt v. Buchanan, 190 So.2d 575, 577 (Fla. 1966), the Supreme Court set forth the general principles of law pertaining to setting aside judicial sales when it stated:
The general rule, is, of course, that standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result. (emphasis ours)
This principle of law was found to be controlling in American National Bank v. Lau, 268 So.2d 567 (Fla. 2nd DCA 1972) where, in an analogous situation, the Court considered a motion to vacate an order confirming a judicial sale of property in a mechanic's lien foreclosure. The motion was filed pursuant to Rule 1.540(b), Fla.R. Civ.P. because of an alleged grossly inadequate sales price combined with a sale tainted by "mistake, inadvertence, surprise or excusable neglect". In rejecting these contentions, the Court said:
It remains to be seen therefore if appellee's motion sufficiently alleges additional facts or circumstances which would support mistake, accident, surprise, fraud, misconduct or irregularity.
As to this, we observed at the outset that allegations of her mental incompetency relate more to the sufficiency of an excuse in failing to protect her allegedly infringed rights than they do to establishing any of the foregoing augmenting grounds for relief such as mistake, accident, surprise, etc. Accordingly, these allegations add little, if anything, to the alleged inadequacy of price.
Additionally, we can find nothing in appellee's original or amended motion to vacate which sufficiently alleges wrong-doing on the part of the appellants which gives rise to a prima facie showing of irregularity.
268 So.2d at 571.
Given the factual similarity between the present case and Lau, we find the rationale employed by the Second District to be highly persuasive. The failure of a party to take the required steps necessary to protect its own interests, cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties. The law requires certain diligence of those subject to it, and this diligence cannot be lightly excused. The mere assertion by a party to a lawsuit that he does not comprehend the legal obligations attendant to service of process does not create a sufficient showing of mistake, inadvertence, surprise of excusable neglect *386 to warrant the vacating of a final judgment. See, Claffey v. Serafino, 338 So.2d 270 (Fla. 2nd DCA 1976). In the present case, it was precisely the failure of the appellee-wife to comprehend and act upon the service of process made upon her that resulted in the judicial sale. As in Lau, supra, this relates more to the sufficiency of an excuse in failing to protect their rights than it does toward establishing the grounds for relief such as mistake, accident, surprise, etc.
It is also significant that in all of the cases cited by the appellees in support of their position, relief was granted because of the misconduct, wrongdoing or negligence of someone other than the party seeking relief. See, for example, Marsh v. Marsh, 72 Fla. 142, 72 So. 638 (1916); Florida Fertilizer Mfg. Co. v. Hodge, 64 Fla. 275, 60 So. 127 (1912); Macfarlane v. Macfarlane, 50 Fla. 570, 39 So. 995 (1905); Maule Industries, Inc. v. Seminole Rock and Sand Co., 91 So.2d 307 (Fla. 1956); Van Delinder v. Albion Realty and Mortgage, Inc., 287 So.2d 352 (Fla. 3rd DCA 1973). Appellees have not cited, nor are we cognizant of, any authority which would support the proposition that a party can gain relief from a judicial sale solely by reference to that party's own lack of diligence.
Although a court, in the exercise of its equity jurisdiction, may vacate a judicial sale and quash the issuance of a certificate of title in order to render justice and achieve fairness, his discretion is not unbridled. A grossly inadequate price coupled with the sort of exceptional circumstances set forth in Arlt, supra, will serve to vacate a judicial sale only where the requisite degree of proof establishing such conditions is submitted by the party seeking relief. The record in the present case reveals that the able trial judge based his ruling solely on the appellee-husband's failure to appear at the judicial sale. There were no allegations, nor was there any proof, of irregularity concerning the sale. We find the proof totally insufficient to support the actions of the trial court and the vacating of the sale and setting aside the certificate of title to be a gross abuse of his discretion.
The decision of the trial court vacating the judicial sale and setting aside the issuance of the certificate of title is reversed and this cause is remanded with instructions to enter an order consistent with this opinion.
DOWNEY, C.J., and BERANEK, J., concur.