443 So.2d 312 (1983)
Bonnie FINCHAM, Appellant,
v.
Robert Kent FINCHAM, Appellee.
Nos. 83-15, 83-721.
District Court of Appeal of Florida, Fourth District.
December 28, 1983.
Rehearing Denied February 3, 1984.
L. Anton Rebalko of Titone, Roarke & Rebalko, Lauderhill, for appellant.
Ronald Sales of Sales & Weissman, P.A., and Edna L. Caruso, West Palm Beach, for appellee.
DOWNEY, Judge.
After final judgment and an appeal to this court, appellee husband filed a motion for judgment in accordance with the mandate. As a result of several hearings the court entered an order determining the rental value of the marital domicile, awarding the husband a sum for rental value during the wife's residency therein, and awarding the husband reimbursement for expenditures for taxes, repairs, and other items. Finally, the trial court ordered that the property be sold on a date to be set by the clerk.
On November 30, 1982, the clerk filed a notice of sale, prepared by counsel for the husband, stating that the property would be sold on January 10, 1983. Neither the wife nor her present or former counsel received a copy of said notice, although the clerk testified that she mailed a copy of the notice to the wife's former counsel. Present counsel had filed a number of pleadings in the cause and attended several hearings on behalf of the wife but did not file a written appearance.
On the Friday before the Monday, January 10th, sale counsel for the husband called counsel for the wife and apprised wife's counsel of the sale set for Monday. The wife, a resident of Kansas, came to West Palm Beach immediately but was unable on such short notice to obtain the *313 funds she planned on using to bid at the sale. The wife moved for a continuance of the sale because of the lack of notice, but the motion was denied.
The record indicates the property in question was valued at approximately $135,000, but was encumbered by mortgages totaling $85,000. The husband was the sole bidder at the sale and bought the property for $5,000. Thus, he was able to purchase a $50,000 equity for $5,000.
It is a long standing rule that inadequacy of price alone is not sufficient to set aside a judicial sale. 33 Fla.Jur.2d, Judicial Sales, § 43. However, inadequacy in connection with other circumstances having a tendency to cause the inadequacy's resulting in injury is sufficient ground to set aside the sale. Id. In the instant case there is no statutory requirement that a notice of sale be given to the parties by the clerk. However, it is the clerk's custom to do so. Furthermore, the notice of sale prepared by counsel for the husband is a paper that is filed in the cause in the trial court and Florida Rule of Civil Procedure 1.080 requires all such papers to be served on each party. The husband did not show at the hearing on the motion to continue the sale that any prejudice to him would result if the motion were granted. Thus, it seems to this court that the accumulation of those facts made a granting of a continuance of the sale most appropriate. Adding thereto the gross inadequacy of price at the sale would seem to mandate the granting of the wife's motion to set aside and vacate the sale. Denial of that motion was reversible error.
We have carefully considered the wife's complaints about the inadequacy of time allowed her during the hearings prior to entry of the order of November 24, 1982, and find them to be without merit.
Accordingly, the order denying the wife's motion to vacate the sale of the marital domicile is reversed, and the cause is remanded with directions to schedule a new sale of said property. In all other respects the orders appealed from are affirmed.
AFFIRMED IN PART; REVERSED IN PART; and remanded with directions.
ANSTEAD, C.J., and DELL, J., concur.