LEHAN, Judge.
A co-owner of property which was sold at a public sale pursuant to an order of partition appeals from the trial court’s or *901 der denying his motion to set aside the sale. We reverse.
Appellant and appellee are brothers who became co-owners of certain real property under the terms of their mother’s will. The property came to them free and clear of any liens. After they took title, however, a number of outstanding judgments against appellee (totaling approximately $20,000) were placed of record against ap-pellee’s interest in the property.
The brothers were unable to agree upon a sale of the property. Appellant instituted this action requesting partition. By order of the trial court, a public sale was conducted on February 25, 1983. Immediately prior to the beginning of the bidding, appellee’s attorney asked the deputy clerk conducting the sale to announce that the sale would be made subject to outstanding liens. The deputy clerk made that announcement although the order of partition said nothing in that regard. Only one bid for the property, in the amount of $100.00, was received. That bid was made by appel-lee’s attorney. Appellant did not attend the sale or have a representative present.
Appellant filed a timely objection to the sale and a motion to set aside the sale, claiming that the $100.00 sale price was so inadequate as to shock the conscience of the court. Appellant later filed an untimely objection to the sale, which it appears that the trial court treated as an amendment to the first objection. The second objection was based upon the announcement at the sale that the property would be sold subject to outstanding liens. After a hearing, the trial court denied the relief requested by appellant. This appeal followed.
The gross inadequacy of the $100.00 sale price for property on which the co-owners had recently received an offer to purchase for $35,000 (the offer having been rejected by appellee), coupled with the irregularity of the deputy clerk’s announcement prior to the bidding, was a sufficient ground to require the setting aside of the sale. If gross inadequacy of price results from mistake, accident, surprise, fraud, misconduct or irregularity by the purchaser or other persons connected with the sale, equity will act to right the wrong. Arlt v. Buchanan, 190 So.2d 575 (Fla.1966); American National Bank v. Lau, 268 So.2d 567 (Fla. 2d DCA 1972).
Appellee argues that the allegedly inadequate price in this case has not been shown to have resulted from the pre-bidding announcement. The record indicates that there were several other people gathered around the place for the public sale who might or might not have been possible bidders and who might or might not have been discouraged from bidding by the announcement that the sale was subject to outstanding liens. To require appellant to prove that the announcement caused the lack of other bids may require appellant to virtually do the impossible. Under the circumstances of this case where the dampening effect of the announcement appears obvious we feel it would be inequitable to place that burden upon appellant.
No Florida case law has come to our attention which sets out any required method for structuring a partition sale when there are outstanding liens against the interest of one of the co-owners. However, a court has the power to order satisfaction of a lien from the proceeds of a partition sale. See Rosenfield v. Rosenfield, 404 So.2d 188 (Fla. 4th DCA 1981). Also, the generally recognized rule is that liens on the undivided interest of a cotenant will, upon a partition sale, attach to the cotenant’s share of the proceeds of the sale, and the purchaser at the partition sale takes the property discharged of the lien. 59 Am.Jur.2d Partition § 193 (1971). Any other result in this case would be unfair to the cotenant against whose interest no liens are filed because the effect would be to tax his interest to pay the liens incurred by the other cotenant.
In this case, the probable effect of the sale being made subject to outstanding liens against appellee’s interest was to reduce the purchase price at the partition sale, thereby taking value away from ap *902 pellant’s share of the property. The sale should be set aside. The trial court should order that the liens against appellee’s interest in the property will be paid from appel-lee’s portion of the proceeds of the sale.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
SCHEB, A.C.J., and SCHOONOVER, J., concur.