489 So.2d 70 (1986)
Raul FERNANDEZ, Appellant,
v.
SUBURBAN COASTAL CORPORATION, a New Jersey Corporation, Etc., Conrad Edwin Iobst and Sandra King Iobst, His Wife, and North Broward Hospital District, Appellees.
No. 85-667.
District Court of Appeal of Florida, Fourth District.
April 16, 1986.
Rehearing and Rehearing Denied June 25, 1986.
*71 Charles A. Goff, of Casoria, Goff & Raab, P.A., Fort Lauderdale, for appellant.
James O. Murphy, Jr., of Byrd & Murphy, Fort Lauderdale, John M. McCormick, Orlando, for appellee-Suburban Coastal Corp.
Ellen Mills Gibbs, and Conrad and Sandra Iobst, in pro. per.
Rehearing and Rehearing En Banc Denied June 25, 1986.
DOWNEY, Judge.
After entry of a final judgment of foreclosure the property was advertised for sale on March 1, 1985. The mortgagee, Appellee Suburban Coastal Corporation, a New Jersey corporation, sent bidding instructions to the Abstract Company of Broward County to attend the public sale and bid up to the extent of the mortgage balance of $54,300.
On the day of the sale, the abstract company failed to attend the sale and, as a result, the property was sold to the only bidder at the sale, Appellant Raul Fernandez, a disinterested third party, who bid $100. On March 1, 1985, the mortgagee moved to set aside the sale to appellant and argued that the sale of the property for $100 was unconscionably inadequate. The court noted the large disparity between the bid and the value of the property, which was determined to be $54,300, and found that the abstract company's failure to attend the sale was a mistake. The trial court ordered that the clerk's sale be set aside and the certificate of sale vacated.
By this appeal appellant seeks reversal of the trial court's order setting aside the judicial sale, reinstatement of the certificate of sale to appellant, and an order issuing the certificate of sale to the appellant.
It is a long standing rule that inadequacy of price alone is not sufficient to set aside a judicial sale. Fincham v. Fincham, 443 So.2d 312, 313 (Fla. 4th DCA 1983). However, where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result. Arlt v. Buchanan, 190 So.2d 575, 577 (Fla. 1966); John Crescent, Inc. v. Schwartz, 382 So.2d 383, 385 (Fla. 4th DCA 1980). See also Brown v. Mirror Investment Corp., 471 So.2d 589 (Fla. 4th DCA 1985).
As indicated above, the appellee diligently prepared to protect its interests by employing an abstract company to attend the sale and bid up to $54,300 for the property. Unfortunately, the abstract company, having received two other foreclosures from appellee scheduled for March 4 and 5, failed to note that this sale was scheduled for Friday, March 1, and therefore inadvertently failed to attend the sale. This court held in Fincham v. Fincham, 443 So.2d 312, 313 (Fla. 4th DCA 1983), that the inadequacy of the bid price, "in *72 connection with other circumstances having a tendency to cause the inadequacy's resulting in injury is sufficient ground to set aside the sale." In the present case, it is apparent that the failure of the abstract company to attend the sale resulted in the inadequate bid price.
Thus, we have a grossly inadequate sales price resulting from inadvertence or mistake on the part of one involved in the sale. Black's Law Dictionary states that a mistake "may arise either from unconsciousness, ignorance, forgetfulness, imposition, or misplaced confidence." Black's Law Dictionary, 903 (5th ed. 1985).
Finally, we would point out that we are reviewing a decision of the trial court that lies in the area of its broad discretion, one which requires a showing of a gross abuse of discretion to reverse. Doctors Hospital of Hollywood, Inc. v. Madison, 415 So.2d 84 (Fla. 4th DCA 1982). Furthermore, keeping things in perspective, it is the duty of the trial court, not the appellate court, to determine whether a set of facts constitutes mistake. In the similar context of relief from a default judgment, the court stated the following in Schwab & Co., Inc. v. Breezy Bay, Inc., 360 So.2d 117, 119 (Fla. 3d DCA 1978):
The precise circumstances constituting excusable neglect, mistake or inadvertence are not well defined and therefore the facts of each case are of singular importance in determining whether or not relief under Fla.R.Civ.P. 1.540(b) should be granted... . In addition, it is the duty of the trial court, not the appellate courts to make the determination of whether or not the facts constitute neglect, mistake, or inadvertence sufficient to excuse compliance with the rules ... The discretion reposed in the trial judge by Fla.R.Civ.P. 1.540 is of the broadest scope and in order to reverse a judge's ruling thereunder, there must be a showing of gross abuse of discretion. (Citations omitted.)
In view of the foregoing, we affirm the order appealed from.
AFFIRMED.
RIVKIND, LEONARD, Associate Judge, concurs.
DELL, J., dissents with opinion.
DELL, Judge, dissenting:
I respectfully dissent from the result reached by the majority. I think that John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA 1980) mandates reversal of the order setting aside the judicial sale.