561 So.2d 416 (1990)
Jerzy SULKOWSKI and Walter Sulkowski, Appellants,
v.
Alina SULKOWSKI, Appellee.
No. 89-02475.
District Court of Appeal of Florida, Second District.
May 11, 1990.
Elihu H. Berman of Krug, Berman & Silverman, P.A., Clearwater, for appellants.
John C. Locke, Clearwater, and B. Edwin Johnson, Clearwater, for appellee.
PER CURIAM.
Jerzy Sulkowski and Walter Sulkowski appeal a final order which set aside the Clerk of Court's certificate of sale and certificate of title on real property which the clerk had auctioned at a public sale. We reverse.
*417 Following final judgment of dissolution of marriage between Alina and Jerzy Sulkowski, the trial court entered an order finding the following ownership interests in a parcel of real property: an undivided one-half interest in Walter Sulkowski; an undivided one-quarter interest in Alina Sulkowski; and an undivided one-quarter interest in Jerzy Sulkowski. The trial court's order also provided:
If the parties shall not have entered into a contract of sale of the subject property prior thereto, the Clerk of the Court shall sell the subject property at public sale on the 17th day of May, 1989 at 11:00 A.M. or as soon thereafter as same can be done, to the highest and best bidder for cash... after having first given notice as required by Section 45.031, Florida Statutes, such sale to be pursuant to and in accordance with said Statute. . ..
(Emphasis supplied.)
The clerk held a public sale as ordered. Walter Sulkowski and Jerzy Sulkowski were the successful bidders, and the clerk issued a certificate of sale and certificate of title showing that the property was sold to them. Alina Sulkowski then filed an objection to bid at public sale, alleging inadequacy of the amount of the accepted bid and challenging the clerk's recent change in requiring a cash deposit of $1,000, especially in light of the fact that she was one of the owners of the subject property and would receive a credit against the purchase price for her ownership interest. Alina Sulkowski also challenged the clerk's failure to allow her time to obtain the cash deposit. The trial court held a hearing on the objections. The parties have provided this court with the following stipulated statement of evidence as to what occurred at the hearing:
Beth M. Lindgren, Deputy Clerk of the Circuit Court, testified that she had conducted a public auction sale of the subject premises on May 17, 1989 at 11:00 A.M.; that she had received a bid from a third party in the amount of $70,000.00; that she had received a bid from Defendant WALTER SULKOWSKI and Respondent JERZY SULKOWSKI in the amount of $80,000.00; that she had received a bid from Petitioner ALINA SULKOWSKI in the amount of $100,000.00; that ALINA had advised her that she did not have the sum of $1,000.00 in cash with her to deposit on said sale, but that she should not be required to make any deposit for the reason that she is one of the owners of the subject property and is therefore entitled to a credit on the purchase price, and that said credit should be used in lieu of a cash deposit; that she (Lindgren) had then held up further proceedings for about five minutes while she consulted a supervisor in her department, that she had then returned to the place of the auction and announced that a minimum cash deposit of $1,000.00 would be required from the successful bidder even if that bidder was an owner of the premises and was entitled to a credit against the purchase price for the amount of his/her ownership interest; that ALINA had then inquired if she could be given time to leave the place of the sale, to obtain said sum of $1,000.00 and to return, to complete the auction; that said Lindgren had replied that she could not further hold up the auction proceeding; that there was no further bid, that WALTER and JERZY had tendered the sum of $1,000.00 as a deposit on their bid of $80,000.00, and that she (Lindgren) had then accepted said bid of $80,000.00, accepted said deposit of $1,000.00, and issued her Certificate of Sale accordingly.
Said Lindgren further testified that the subject sale was the first partition sale that had been held at that office since a determination had been made by the Clerk's administrative office that a $1,000.00 deposit would be required in every partition sale.
The trial court entered an order setting aside the certificate of sale and certificate of title and instructed the clerk to conduct another public sale of the subject property in September 1989. The order set out that pursuant to section 45.031, Florida Statutes,[*] *418 the parties or any third-party bidder would be required to post "a deposit equal to five (5%) percent of their final bid or $1,000.00 cash (not credit) whichever is less." It is this order from which Walter Sulkowski and Jerzy Sulkowski appeal.
Since 1985, section 45.031 has required the successful bidder at a judicial sale held pursuant to that statute to post a deposit of up to $1,000 "[a]t the time of the sale." It is apparent that Alina Sulkowski was unaware of this requirement and simply came to the sale without the necessary cash. Thus, the issue in this case is whether the trial court, based on the evidence of record, abused its discretion in setting aside the sale because Ms. Sulkowski was not prepared to post her deposit.
The decision to set aside a judicial sale rests in the trial court's discretion, and the appellate court should not typically interfere with that decision. Northern Inv. Corp. v. Coppock, 134 Fla. 168, 183 So. 635 (1938). The trial court's act of discretion, however, must be based upon a cause which is adequate to justify the equitable relief.
Courts have held that the grounds or causes for equitable relief from a judicial sale include matters distinct from the inadequacy of price, as well as matters conjunctive with the inadequacy of price:
On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale, this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds.
Moran-Alleen Co. v. Brown, 98 Fla. 203, 204, 123 So. 561, 561 (1929) (citations omitted).
The general rule is, of course, that standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.
Arlt v. Buchanan, 190 So.2d 575, 577 (Fla. 1966) (citations omitted). See also Eristavi-Tchitcherine v. Miami Beach Fed. Sav. & Loan Ass'n, 154 Fla. 100, 16 So.2d 730 (1944); Am. Nat'l Bank v. Lau, 268 So.2d 567 (Fla. 2d DCA 1972), cert. denied, 273 So.2d 81 (Fla. 1973); Edward A. Lashins, Inc. v. Baumann, 201 So.2d 495 (Fla. 2d DCA 1967), cert. denied, 210 So.2d 221 (Fla. 1968).
The trial court's order setting aside the sale contained no reasons supporting its action nor included any finding regarding the existence of cause. Likewise, after a thorough review of the record, we have determined that there is no substantial, competent evidence which would support a finding that cause existed to set aside the sale. The record does not contain evidence that the successful bid was grossly inadequate. Even assuming the bid by Jerzy Sulkowski and Walter Sulkowski at the judicial sale was grossly inadequate, there is no factual basis in this record to conclude that this inadequate price was the result of any mistake, accident, surprise, fraud, misconduct, or irregularity on their part. Whether the sales price was adequate or inadequate, the clerk did not commit any mistake or irregularity by applying correctly the deposit requirements of section 45.031, especially when the order setting the sale referred to the statute.
*419 The only mistake which is apparent in the record is Ms. Sulkowski's unilateral misunderstanding of the requirement for a cash deposit. Failure to acquaint oneself with the requirements of a judicial sale cannot constitute an adequate cause to set aside the sale.
This apparently was the first partition sale at which the clerk followed the statutory amendment requiring a cash deposit. The record, however, contains no evidence that Ms. Sulkowski or her attorney relied to their detriment on any prior practice by the clerk. If this record had contained evidence that Ms. Sulkowski or her attorney had been misled concerning this requirement, either by the trial court's initial order or by the clerk's prior practices, the issue would be more difficult to resolve.
For the foregoing reasons, we reverse the order setting aside the certificate of sale and certificate of title to the property in question, with directions that the clerk reissue the two certificates.
Reversed and remanded with directions.
THREADGILL, A.C.J., and PARKER and ALTENBERND, JJ., concur.
NOTES
[*] This statute provides, in relevant part:

Judicial sales procedure.  In any sale of real or personal property under an order or judgment, the following procedure may be followed as an alternative to any other sale procedure if so ordered by the court:
... .
(2) DEPOSIT REQUIRED.  At the time of the sale, the successful high bidder shall post with the clerk a deposit equal to 5 percent of the final bid or $1,000, whichever is less. The deposit shall be applied to the sale price at the time of payment. If final payment is not made within the prescribed period, the clerk shall readvertise the sale as provided in this section and pay all costs of the sale from the deposit. Any remaining funds shall be applied toward the judgment.
§ 45.031, Fla. Stat. (1987).