605 So.2d 531 (1992)
WELLS FARGO CREDIT CORPORATION, Appellant,
v.
Harley E. MARTIN, Appellee.
Nos. 91-02876, 91-03454.
District Court of Appeal of Florida, Second District.
September 16, 1992.
*532 Cynthia Z. Mackinnon and Linda S. Bols of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellant.
Bernard C. Silver, Tampa, for appellee.
ALTENBERND, Judge.
In these consolidated cases, Wells Fargo Credit Corporation (Wells Fargo) appeals an order denying its motion to set aside a judicial sale and an order denying its motion for relief from judgment. Essentially, both motions sought relief from the judicial sale because an avoidable, unilateral mistake by Wells Fargo's agent resulted in a grossly inadequate sales price. For the reasons stated below, we affirm the trial court's exercise of discretion.
Wells Fargo obtained a judgment of foreclosure on a house owned by Mr. and Mrs. Clevenger. The total indebtedness stated in the judgment was $207,141.00. The foreclosure sale was scheduled for 11:00 a.m. on July 12, 1991, at the west front door of the Hillsborough County Courthouse.
Wells Fargo was represented at this sale by a paralegal employed by its attorney. There is no dispute that the paralegal was experienced with public foreclosure sales and had attended more than one thousand similar sales. She arrived before the sale began and had ample time to prepare for this sale. She brought a form document that had been prepared either by Wells Fargo or its attorneys, containing specific information and instructions for this sale. The instructions informed her to make one bid of $115,500.00. This was the tax-appraised value of the property after deducting the homestead exemption. Unfortunately, the form was filled in by hand, and the handwriting was not very clear. The first "1" in the number was close to the "$" and slightly separated from the "15,500.00." The paralegal misread the bid instruction as $15,500.00. This sale was the fourteenth sale on the docket, and the paralegal opened the bidding at $15,500.00.
Mr. Harley Martin also attended this sale. He lived near the Clevenger house. His own house had recently sustained severe fire damage, and he needed a new home. This was the first such foreclosure sale he had ever attended. After the paralegal announced her bid, he bid $20,000.00. The court clerk checked to make certain Mr. Martin had prepared the required bid information sheet for the clerk's office. After confirming that Mr. Martin was qualified to bid, the clerk gave ample opportunity for another bid and then announced: "$20,000.00 going once, $20,000.00 going twice, sold to Harley  "
Just after the clerk announced "sold," the paralegal screamed: "Stop, I have another bid," or "Stop, I'm sorry I made a mistake." When Mr. Martin indicated that he was content to keep his new home, the clerk took the matter to a circuit court judge. After confirming that the clerk had announced "sold," the judge ordered the clerk to issue the certificate of sale.[1]
Wells Fargo filed a motion to set aside the judicial sale. A hearing was held in which the paralegal explained her actions, as did the court clerk, other witnesses, and Mr. Martin. The court considered evidence appraising the house at an amount well in excess of the $115,500.00 that Wells Fargo had planned to bid. The trial court found that the $20,000.00 bid was grossly inadequate, but that there was no evidence of fraud or any type of misconduct on the part of Mr. Martin. Relying upon our recent decision in Sulkowski v. Sulkowski, 561 So.2d 416 (Fla. 2d DCA 1990), the trial court declined to set the sale aside.
We accept the trial court's conclusion that the amount of the sale was grossly inadequate. This inadequacy, however, occurred *533 due to an avoidable, unilateral mistake by an agent of Wells Fargo. As between Wells Fargo and a good faith purchaser at the judicial sale, the trial court had the discretion to place the risk of this mistake upon Wells Fargo. Sulkowski. Thus, we affirm the trial court's orders denying relief to Wells Fargo.
We are certain that this result seems harsh to Wells Fargo. Nevertheless, Mr. Martin's bid was accepted when the clerk announced "sold." Coker v. Dawkins, 20 Fla. 141 (1883). Therefore, his rights under the contract of sale vested at that moment and could only be taken from him by an order setting aside the sale.
The well-established rule concerning inadequacy of price at a judicial sale was stated in Arlt v. Buchanan, 190 So.2d 575 (Fla. 1966):
The general rule is, of course, that standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.
Id. at 577.
Although the paralegal's error may qualify as "any mistake," this court has never applied Arlt to reverse an order denying a motion to set aside a sale when the mistake was unilaterally committed by the complaining party. In Sulkowski, the court reversed an order granting a motion to set aside judicial sale. The opinion in Sulkowski is based on two alternate grounds because the trial court had not explained the reasons for setting aside the sale. We held that the record did not establish the sale price was grossly inadequate. Alternatively, assuming the trial court could have found inadequacy, we held that the trial court abused its discretion because the only mistake occurred when the complaining party unilaterally misunderstood the statutes requiring a deposit for the sale. As in this case, the successful bidder had committed no act of surprise, fraud, misconduct, or other irregularity. We concluded that such ignorance of the law by the complaining party was not a basis that gave the trial court discretion to set aside a judicial sale. See also American Nat'l Bank v. Lau, 268 So.2d 567 (Fla. 2d DCA 1972) (holding that plaintiff's allegation that she was prevented from attending sale because of her incompetence could not be basis for setting aside sale where there was no evidence of fraud or overreaching on defendants' part and plaintiff was not declared incompetent until well after the sale), cert. denied, 273 So.2d 81 (Fla. 1973).
Only Wells Fargo or its agent has been harmed by this sale. Without ruling that a unilateral mistake by the complaining party could never justify relief, we hold that the trial court had the discretion under these facts to make Wells Fargo suffer the loss for its agent's mistake.
Our decision is supported by the Fourth District's decision in John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA), cert. denied, 389 So.2d 1113 (Fla. 1980). That court reversed an order setting aside a sale when a couple did not attend the sale because the wife had simply thrown away the foreclosure papers. The court followed Lau and stated:
The failure of a party to take the required steps necessary to protect its own interests, cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties. The law requires certain diligence of those subject to it, and this diligence cannot be lightly excused.
382 So.2d at 385.
We recognize that other courts have not always prohibited relief concerning a unilateral mistake by the complaining party's agent. In Fernandez v. Suburban Coastal Corp., 489 So.2d 70 (Fla. 4th DCA 1986), the Fourth District affirmed an order setting aside a clerk's sale. As in this case, the error was made by an agent of the foreclosing mortgagee, but the error resulted in the failure of the agent to even appear for the sale. The property, which was valued at $54,000.00, was sold to a *534 third party for $100.00. The court held that the agent's unilateral mistake in calendaring the sale was a mistake for which the trial court had discretion to grant relief. See also Van Delinder v. Albion Realty & Mortgage, Inc., 287 So.2d 352 (Fla. 3d DCA 1973) (trial court had discretion to set aside $50.00 sale when owner's attorney was not present at sale because of inadvertence or mistake).
While it is arguable that we are applying a rule of law that may be in conflict with Fernandez and Van Delinder, we conclude that those cases are factually distinguishable because the mortgagee never had an opportunity to bid at the sale, and because the prevailing bid was essentially nominal. Moreover, both cases affirmed trial courts' discretionary decisions, as we do here. Accordingly, we decline to certify any conflict with those cases.
Affirmed.
HALL, A.C.J., and CASE, JAMES R., Associate Judge, concur.
NOTES
[1] This opinion primarily relies upon the incident as recalled by the court clerk. The record contains evidence from one spectator who believes that the clerk had completed her announcement of the sale and that the paralegal did not object for another ten to fifteen seconds. The result in this case would be the same under either version.