647 So.2d 874 (1994)
RSR INVESTMENTS, INC. and Native Investments, Inc., Appellants,
v.
BARNETT BANK OF PINELLAS COUNTY; Sarah J. Lee; John S. Lee; Ted P. Wittner; Richard A. Leandri; Francis C. Leandri; Bahia Del Mar Condominium Association No. 3 of St. Petersburg, Inc., a Florida not for profit Corporation, John Doe and Jane Doe, unknown Spouses or tenants, Appellees.
No. 93-03401.
District Court of Appeal of Florida, Second District.
October 28, 1994.
Rex Martin Barbas, Barbas, Weed, Glenn, Morgan & Wheeley, Tampa, for appellants.
John Curtis Hucks, Powell, Carney, Moore, Hucks & Olson, P.A., St. Petersburg, for appellee Barnett Bank.
HALL, Judge.
The appellee, Barnett Bank of Pinellas County, was the owner and holder of a final judgment of foreclosure in the amount of $86,109.59. The final judgment set the judicial sale of the real property at issue for August 23, 1993, and provided that Barnett Bank would advance the costs for holding the foreclosure sale.
Through a clerical error on Barnett's counsel's calendar, no one appeared at the sale to represent Barnett. The representative of the clerk's office made no effort to contact Barnett and, in spite of the provision in the final judgment requiring Barnett to advance the costs of the sale, allowed the appellants, RSR Investments, Inc., and Native Investments, Inc., to pay the aforesaid costs and subsequently held the sale. At the sale, the *875 appellants submitted a combined and cooperative bid of $5000, as third party bidders. The clerk of court thereafter issued a certificate of sale in favor of the appellants.
Upon discovering that the foreclosure sale had been conducted despite the absence of counsel for Barnett, Barnett's counsel filed a motion to set aside the foreclosure sale and vacate the certificate of sale. At the hearing on the motion, counsel for Barnett argued that his failure to appear was due to clerical error, as the sale had been mistakenly scheduled on his calendar for August 24, instead of August 23. Counsel also argued that the $5000 purchase price was grossly inadequate, since the foreclosure judgment was in the amount of $86,109.59
During a lengthy hearing on Barnett's motion to set aside the sale, counsel for Barnett advised the court that he had a print out from the public records of Pinellas County showing the value of the property at issue. Later in the hearing, the court announced that it was taking judicial notice of the appraised value of the property, as well as noting the amount of the foreclosure judgment. The court stated, "The amount bid was not just grossly inadequate, sir, it was sublimely inadequate. It was so low as to bring up in and of itself a presumption of bad faith on the part of the buyer." The record further reflects that at no time during the hearing did counsel for the appellants object to the public records print out of the appraised value of the property or to the trial court's taking of judicial notice of the appraised value.
At the conclusion of the hearing, the trial court ruled that the failure of Barnett's counsel to appear at the foreclosure sale was the result of excusable error. The trial court also found that the amount bid by the appellants at the sale constituted grossly inadequate consideration for the subject property. In reaching its decision, the trial court was concerned that there were only two bidders at the sale who made a conjunctive effort as opposed to a competitive bidding situation.
The order under review in this instance involves a matter within the broad discretion of the trial court and is one which requires a showing of a gross abuse of discretion to reverse. Doctor's Hosp. of Hollywood, Inc. v. Madison, 415 So.2d 84 (Fla. 4th DCA 1982). We, therefore, agree with the trial court and affirm the order setting aside the foreclosure sale.
Even if we disregard the property appraiser's valuation of the property at $107,300, the court had before it a mortgage foreclosure judgment of $86,109.59, together with a bid price of $5000. This certainly creates a presumption of a grossly inadequate sales price. The price, coupled with the buyer's considerable experience in the real estate profession and knowledge of foreclosure sale procedures and the apparent cooperative bid on the part of the buyers  rather than a competitive bid situation at the public sale  supports the trial court's finding that the appellants were not good faith purchasers.
In view of the misconduct or irregularity on the part of the parties connected with this sale, we cannot say it was a gross abuse of discretion on the part of the trial court to set aside the instant foreclosure sale. Fernandez v. Suburban Coastal Corp., 489 So.2d 70 (Fla. 4th DCA 1986).
Accordingly, the judgment is affirmed.
DANAHY, A.C.J, concurs.
QUINCE, J., dissents with opinion.
QUINCE, Judge, dissenting.
Barnett was the owner and holder of a final judgment of foreclosure. The final judgment stated the indebtedness as $86,109.59 and set the judicial sale for August 23, 1993, at 11:00 a.m. Although Barnett was required to advance the costs of the sale, the judgment did not require Barnett's presence there. Counsel for Barnett did not appear at the sale, and the property was sold to RSR Investments, Inc. and Native Investments, Inc. for $5,000.00.
Barnett filed a motion to set aside the sale arguing that the failure of its counsel to appear was due to clerical error and mistake. At the hearing on the motion, Barnett presented the testimony of the attorney's secretary who said she calendared the sale for August 24 instead of August 23. She *876 brought her calendar for that period but did not bring the attorney's calendar. Barnett also argued the $5,000.00 purchase price was grossly inadequate because the judgment was $86,109.59, and the value of the property far exceeded that amount. Barnett tried to prove the value of the property through the testimony of a vice-president. The court sustained an objection to his testimony because he did not have a sufficient basis for his opinion. The court set aside the sale finding nondeliberate mistake and/or excusable neglect by Barnett's attorney and grossly inadequate consideration.
The setting aside of a judicial sale is a matter within the discretion of the trial court. However, the court's discretion must be based upon a cause that is adequate to justify such equitable relief. Sulkowski v. Sulkowski, 561 So.2d 416 (Fla. 2d DCA 1990). I find no such cause here. The property was purchased for $5,000.00 because the attorney for Barnett was not present. His failure to appear was an avoidable, unilateral mistake by an agent of the party receiving the final judgment of foreclosure.
The court's determination of grossly inadequate consideration was based on the amount of the final judgment and the current property assessment. At the conclusion of the hearing on the motion to set aside and in the final judgment, the court took judicial notice of both the final judgment amount and the appraised value of the property from the property appraiser's printout. In taking judicial notice of the property appraiser's printout, the court did not comply with the requirements of section 90.204, Florida Statutes (1993). When the court on its own motion takes judicial notice of a matter, it must afford each party the opportunity to present evidence relevant to the propriety of taking notice and the nature of the matter noticed. And if the matter noticed is documentary and not received in open court,[1] the court must make it a part of the record and give each party an opportunity to challenge it before judicial notice is taken. Accord, Bonifay v. Garner, 503 So.2d 389 (Fla. 1st DCA 1987).
The judicially noticed evidence in this case was the property appraiser's printout. Neither of the parties requested judicial notice. The court, sua sponte, took judicial notice of the document when making its oral pronouncement at the conclusion of the hearing. The parties were not given an opportunity to challenge either the propriety or substance of the evidence prior to judicial notice being taken.
Thus, the only record evidence of the value of the property that was properly before the court was the indebtedness mentioned in the final judgment. However, there is nothing in the record which would support a finding that the value of the property was either more than or less than the amount of the final judgment. Without such evidence, one cannot conclude that the price paid by the successful bidders was grossly inadequate.
Even if we assume the price was grossly inadequate, that factor standing alone is not a sufficient ground to set aside a judicial sale. Arlt v. Buchanan, 190 So.2d 575 (Fla. 1966). We held in Wells Fargo Credit Corp. v. Martin, 605 So.2d 531 (Fla. 2d DCA 1992), that inadequacy of price at a foreclosure sale that is the result of an avoidable, unilateral mistake by an agent of the party who received the final judgment of foreclosure is not a ground for setting aside the judicial sale. Accord, American Nat'l Bank v. Lau, 268 So.2d 567 (Fla. 2d DCA 1972), cert. denied, 273 So.2d 81 (Fla. 1973). It is error to set aside a sale when the error is not a result of any mistake, accident, surprise, fraud, misconduct or irregularity by the good faith purchasers. Sulkowski, 561 So.2d at 418.
In the order granting the motion to set aside the foreclosure sale the court stated, "The Court further finds evidence in the notes of the Deputy Clerk of Court that such bid was not the result of competitive bidding, but was apparently the result of cooperative bidding between Third Parties." This statement falls short of finding any mistake, accident, surprise, fraud, misconduct or irregularity *877 by the purchasers. Additionally, there is no testimony or other evidence in the record that would support a conclusion that RSR Investments, Inc. and Native Investments, Inc. conducted themselves inappropriately at the judicial sale.
Accordingly, I would reverse the order setting aside the judicial sale.
NOTES
[1] Although counsel for Barnett stated in his argument that he had a printout from the property appraiser concerning the value of the property, that printout was not formally offered or accepted. Counsel said, "I want to make sure that gets on the record."