713 So.2d 1017 (1998)
UNITED COMPANIES LENDING CORPORATION, Appellant,
v.
Sandra L. ABERCROMBIE a/k/a Jean Lange and Darrell R. Crane, Appellees.
No. 97-01373.
District Court of Appeal of Florida, Second District.
May 8, 1998.
Rehearing Denied July 13, 1998.
*1018 Robert H. Hosch, Jr., Butler & Hosch, P.A., Orlando, Marie Tomassi of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., St. Petersburg, for Appellant.
Thomas D. Shults, Hogreve & Shults, Sarasota, for Appellees.
NORTHCUTT, Judge.
United Companies Lending Corporation maintains that the circuit court abused its discretion when it declined to set aside a mortgage foreclosure sale of real property. We believe that the court held a mistaken view of the scope of its discretion in such matters. Therefore, we reverse and remand for a reconsideration of United's motion.
United sued to foreclose its mortgage on a residence owned by Sandra Abercrombie and her late husband. Abercrombie cooperated with the mortgage company throughout the proceedings. The circuit court entered a final judgment for $184,804.05, and scheduled a foreclosure sale to be held at the Sarasota County Courthouse. United's counsel agreed to attend the sale on its behalf. But, due to the unexpected illness of the attorney's father in New York state, he left to tend his father after recruiting another attorney to appear at the sale in his stead. United was not informed about the substitute counsel.
On the appointed day, the substitute attorney arrived early for the foreclosure sale at the Manatee County Courthouse. Five minutes before the sale, he learned from the clerk that the sale was to be held in Sarasota County. He telephoned the Sarasota County Courthouse, but the clerk there declined his request to delay the bidding until he arrived or found an alternative representative. Hasty arrangements were made for a Sarasota attorney to attend the sale, but he arrived too late. With United unrepresented at the sale, the property had been sold to Darrell Crane for $1,000.
United filed an objection to the sale and motion to set it aside, alleging gross inadequacy of price and the mistaken failure of its agent to attend. Abercrombie joined in the motion, and her counsel appeared at the hearing. Evidence at the hearing established that the property was worth over $125,000. United's foreclosure sale instructions had specified that its representative was to make an initial $100 bid, and if another bidder appeared, to then bid $181,898.82. The successful bidder, Crane, testified that his maximum bid would have been $115,000, and that he would not have bid up to $181,000 for the property.
The general rule is that "standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result." Arlt v. Buchanan, 190 So.2d 575, 577 (Fla.1966). Whether the complaining party has made the showing necessary to set aside a sale is a discretionary decision by the trial court, which may be reversed only when the court has grossly abused its discretion. See RSR Investments, Inc. v. Barnett Bank of Pinellas County, 647 So.2d 874 (Fla. 2d DCA 1994). In this case, we are concerned that the circuit court's discretion was unduly restricted by a mistaken understanding of the law of this district.
The court found that the price paid by Crane was grossly disproportionate both to the value of the property and to the amount of United's judgment. But it denied United's motion on the ground that the inadequate price resulted from the unilateral mistake of United's representative, and not from any mistake, misconduct, or irregularity on the part of Crane or of anyone else who participated in the sale. The court held that United's unilateral mistake was insufficient to permit the relief it requested, citing this court's decisions in Wells Fargo Credit Corp. v. Martin, 605 So.2d 531 (Fla. 2d DCA 1992), and Sulkowski v. Sulkowski, 561 So.2d 416 (Fla. 2d DCA 1990). The transcript suggests that the circuit court may have believed that, unlike the Third and Fourth Districts, the Second District holds that the mistake must be made by someone present at the sale, and *1019 that it cannot be the unilateral mistake of the complaining party.
We agree with United's argument that the law of the Second District does not differ from that of the other districts. We do not construe the language in Arlt, "person connected with the sale," to require physical presence at the sale. Moreover, under the rule described in Arlt, even a unilateral mistake which results in a grossly inadequate price is legally sufficient to invoke the trial court's discretion to consider setting the sale aside. See also, RSR Investments, Inc., 647 So.2d at 874 (affirming order setting aside foreclosure sale where mortgagee's unilateral calendar error resulted in its failure to attend the sale, and participants at sale undermined the competitive bidding process by submitting a joint bid); Fernandez v. Suburban Coastal Corp., 489 So.2d 70 (Fla. 4th DCA 1986) (affirming order setting aside foreclosure sale where abstract company engaged to attend sale failed to docket it, resulting in mortgagee's non-attendance); Van Delinder v. Albion Realty & Mortgage, Inc., 287 So.2d 352 (Fla. 3d DCA 1973) (affirming order setting aside foreclosure sale where mortgagor was deprived of opportunity to bid at foreclosure sale by its attorney's absence).
It is understandable that Crane and the circuit court read this court's opinions in Sulkowski and Wells Fargo to the contrary, but those decisions did not announce a different rule. In Sulkowski, the high bidder at a partition sale overlooked a statutory requirement that she post a deposit at the time of the sale, and the property was awarded to the next highest bidder. We reversed an order setting the sale aside because there was no proof that the sale price was grossly inadequate, and because the complaining party's ignorance of the law does not give the trial court discretion to set aside a judicial sale. Thus, in Sulkowski the circumstances were in two respects legally insufficient to undermine the sale. The case at hand involves neither insufficiency.
In Wells Fargo, a paralegal in the employ of Wells Fargo's attorney attended a foreclosure sale on its behalf, but made a low bid because she had misread her instructions. We affirmed the trial court's order denying Wells Fargo's motion to set the sale aside, based on our conclusion that the trial court had discretion to weigh the equities and to place the risk of the mistake upon Wells Fargo. 605 So.2d at 533.
In that opinion, we noted that this court had never reversed an order denying a motion to set aside a judicial sale based on the complaining party's unilateral mistake. Wells Fargo, 605 So.2d at 533. On the other hand, we expressly disavowed the notion that a unilateral mistake could never support the setting aside of a sale. Id. To the contrary, we attempted to dispel the possibility that our decision in Wells Fargo would be perceived as conflicting with Fernandez and Van Delinder, in which the Fourth and Third Districts, respectively, had affirmed the setting aside of judicial sales based on the complaining parties' own mistakes. We pointed out that those cases were factually distinguishable because the mistakes, albeit unilateral, had wholly deprived the complaining parties of opportunities to bid at the sales, and because the prevailing bids were nominal. (It is notable, but not necessarily determinative, that those very same circumstances are present in the instant case.) We additionally observed that, as had the Fernandez and Van Delinder courts, in Wells Fargo we affirmed the trial court's discretionary ruling as to whether a judicial sale should be set aside. 605 So.2d at 534.
Rather than restricting the discretion of trial courts, Wells Fargo exemplified the breadth of the courts' discretion to weigh the equities of individual cases when deciding whether to set aside judicial sales. In one set of circumstances, the fact that the inadequate sale price was caused by the complaining party's own mistake might tip the balance of equities in favor of the successful bidder; in another case, it might not.
We express no opinion as to the balance of equities in this case. But we do wish to ensure that when deciding the matter the circuit court has the full benefit of its broad discretion. Therefore, we reverse and remand *1020 for a reconsideration of United's challenge to the foreclosure sale.
CAMPBELL, A.C.J., and BLUE, J., concur.