LAURA M. MCCLANAHAN, et als., *Appellants*, vs. LEAH M. MAYNE, et al., *Appellees*.

138 So. 36.

En Banc.

Opinion filed November 18, 1931.

Petition for rehearing denied December 19, 1931.

*R. P. Reese,* for Appellants;

*John M. Coe* and *Philip D. Beall,* for Appellees.

DAVIS, Commissioner:—In this case, the appellant filed a bill for the partition of real estate. The cause proceeded to an adjudication of the rights of the parties, and the appointment of commissioners on the 14th of April, 1924, and upon the coming in of the report of the commissioners appointed to make a division of the property to the effect that it was not susceptible of a division, the court on June 29th, 1928, decreed that it be sold. The property was, on August 6, 1928, knocked off and sold to the complainant (appellant). The commissioners in reporting the sale, also reported,

"That at said time J. C. Watson announced publicly to these Commissioners that he held and owned a judgment lien against the undivided two-sevenths (2/7) interest of Leah M. Mayne in the real property to be sold amounting to $222.26, having acquired said judgment lien by purchase and assignment from the judgment creditor in the suit in this Court of Laura C. McClanahan and H. E. McClanahan, her husband, complainants, against Leah M. Mayne, Defendant, and that the property was being sold subject to said lien, and thereupon said sale proceeded, subject to said lien as stated."

Complainant thereupon moved the court to confirm the report, and in the same instrument showed that prior to the institution of the partition suit, the complainant had filed in the said Court, her bill against the defendant, Leah Mayne, for the enforcement of a lien upon the undivided

interest of Leah Mayne in the property for labor and material furnished by Complainant, and that decree was entered in favor of the complainant on the 7th of March, 1928, adjudging a lien against a two-sevenths (2/7) undivided interest in the property involved herein belonging to the defendant Leah Mayne. It was further shown that the lien of the said judgment or decree was held by the said J. C. Watson, having been assigned to him by the complainant, and the complainant, Laura C. McClanahan, moved the court to authorize the commissioners to pay and discharge the said lien out of the undivided interest of Leah Mayne in the purchase price paid for the property at the commissioners' sale. Notice of the motion was served upon J. C. Watson. The court denied the motion of complainant to authorize the commissioners to pay and discharge the lien out of the undivided interest of Leah Mayne, in the purchase price paid for the property, confirmed the sale and decreed that the said property was purchased by the complainant subject to the lien held by J. C. Watson, with specific directions to the commissioners as to how they should distribute the fund in their hands. From this decree the complainant appealed to this court.

No exception was filed by the complainant to that part of the report of the commissioners which advised the court that the property had been sold subject to the lien held by Watson, but as we have seen she moved the court for the confirmation of the sale.

It does not appear from the pleadings in this cause that the complainant Laura M. McClanahan was interested in the property in any right other than as a co-tenant, no mention being made therein of an attempt on her part to enforce a lien for labor and material against the undivided interest of Leah Mayne in the property. J. C. Watson was never brought in as a party to this cause.

After the rendition of the decree in the suit to enforce lien for labor and material furnished it would have been

a very easy matter for the complainant in this cause to have amended her bill setting up the adjudication of the lien upon the undivided share of Leah Mayne in the whole property and asked that it be transferred to the share to be allotted to her in the event of a division of the property, or if it should be sold that the amount thereof be deducted from her share in the proceeds of such sale. Even after the transfer of the judgment lien, the court doubtless would have made J. C. Watson a party to the cause, if application had been made therefor. If either course had been taken, the court could have decreed a lien against the share allotted to Leah Mayne or have had the lien paid and satisfied out of her share in the proceeds of a sale of the property.

Under the provisions of Sections 4996, 4997 and 5000, Compiled General Laws of Florida, 1927, (3204, 3205 and 3208 R. G. S's.) as construed by this court in Camp Phosphate Co., vs. Anderson, 48 Fla. 226, 37 So. 722, 111 A. S. R. 77, and Cline vs. Cline, 101 Fla. 488, 134 So. 546, a doubt may well arise as to the right of a court of chancery, in a partition proceeding, after a final decree and sale of the property, upon an undivided interest in which there exists a valid lien, and the lienholder was not a party to the suit, to decree, at the instance of the complainant and without the consent of both the lienholder and the co-tenant against whom the lien is held, that the lien be satisfied out of the distributive share of such co-tenant in the proceeds of the sale of the property.

In making the decree appealed from, the court acted upon three separate and distinct motions made by complainant, all being included in one instrument, and they were substantially as follows:

(1) To confirm the report of the sale by the commissioners, (2) to direct the commissioners to pay the costs, etc., (3) to authorize the commissioners to pay and discharge the said lien out of the undivided interest of Leah

Mayne in the purchase price for the property, and to direct the commissioners to take a cancellation of the lien and to execute a deed to the property.

The court (1) approved and confirmed the said report and the said sale, (2) directed the payment of costs and also the distribution of the balance in their hands to the parties interested, and (3) denied the motion to authorize the commissioners to pay and discharge said lien and to execute a deed discharged of the lien.

Inasmuch as no exception to the report of the commissioners was filed by the complainant, and the sale was made subject to the said lien and confirmed upon motion of complainant, it is perfectly obvious that if error was committed by the court in approving the sale, it was due to the acquiescence of the Complainant, or it was committed at her instance and request and is, therefore, not available to reverse the decree. Borst, et al. vs. Gale, et al., 99 Fla. 376, 126 So. 290; Lovett vs. Lovett, 93 Fla. 611, 112 So. 768; Thompson vs. Kyle, 39 Fla. 582, 23 So. 12, 63 A. S. R. 193.

However, we understand from the assignments of error and the argument of appellant that she is complaining not so much of the sale, as of that portion of the decree which denied the motion to pay and satisfy the lien out of the distributive share of Leah Mayne in the proceeds of the sale, and that the Commissioners be directed to execute a deed conveying the property discharged of the lien.

This contention of the appellant is untenable. As to whether or not the court in entering the final decree had the right to have the property sold free of liens, when J. C. Watson, the lienholder was not a party to the cause, has not been settled here. The fact is, that in the instant case no such order was made, and the commissioners' report shows that they sold the property subject to the lien. This report was confirmed and the court decreed that the property was purchased by the complainant subject to such

lien. But, if there was any irregularity on the part of the commissioners in making a sale subject to the lien held by J. C. Watson, and the same was objectionable to the complainant, she should have made timely protest.

"The final order of confirmation, having the effect of a final conclusive judgment, cures all irregularities, misconduct and unfairness in the making of the sale, departures from the provisions of the decree of sale, and errors in the decree and proceedings under it; and if the court had jurisdiction and the officer the authority to sell, it makes the sale valid as against collateral attack even though irregular and voidable before and though grounds sufficient to have prevented confirmation existed." 16 R. C. L. 85. See also, 35 C. J. 50, and note in 1 A. L. R. 1431.

Furthermore, the property having been sold subject to the said lien, the complainant purchased it at a lower price than she would have paid if it had been sold free of the lien, and in consequence thereof she is estopped from asserting that the lien should be paid and satisfied out of the share of Leah Mayne in the proceeds of the sale.

Finding no error in the decree, it is hereby affirmed.

PER CURIAM.—The record in this cause having been considered by the Court and the foregoing opinion prepared under Chapter 14553, Acts 1929, adopted by the Court as its opinion, it is considered, ordered, adjudged and decreed by the Court that the decree of the court below should be, and the same is hereby affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.