HOBSON, Justice.
This appeal is from a final decree of the Circuit Court of the Ninth Judicial Circuit bearing date September .24, 1952, which dismissed the appellee’s bill of complaint for divorce predicated upon desertion .and likewise dismissed the counterclaim interposed by the appellant who was defendant below and who in and by said counterclaim sought a decree of divorce on the same ground.
The master to whom this cause was referred recommended ' that a divorce be granted to the appellee and that the appellant’s prayer for a divorce contained- in her counterclaim be denied. The Chancellor sustained exceptions to the master’s report. In and by the final.: decree he denied a divorce to .the appellee contrary to ..the master’s recommendation but followed the master’s suggestion and also denied appellant’s prayer for divorce.
There is conflicting testimony in regard to the question — which spouse intended to bring the cohabitation to an end at the time the appellant wife left the mutual home of the parties in New York. Each points an accusing finger at the other. It is admitted by both appellant and appellee that they separated on or about October 14, 1950, and have not lived together as husband and wife since that date. •
 In the case of Hudson v. Hudson, 59 Fla. 529, 51 So. 857, 29 L.R.A.,N.S., 614, 138 Am.St.Rep. 141, 21 Ann.Cas. 278, and again in Gordon v. Gordon, Fla., 59 So.2d 40, we recognized the general rule that when husband and wife separate the former, who is the head of the family, is required to take the initial step toward effectuating a reconciliation and a restoration of the marital relation “even where the original separation was wrongful on her [the wife’s] part”. [59 Fla. 529, 51 So. 859.] It is clear from the evidence in this case that the husband failed to do anything designed to effect a reconciliation. It is also quite evident that he did not at any time wish to resume cohabitation with the appellant. *686 Consequently, we are constrained to hold that it was he who was guilty of desertion of the type which in this jurisdiction is classified as “constructive.”
Moreover, it is our conclusion from the testimony that the husband by his conduct generally and in particular by his attitude toward the matter of reconciliation has made it appear crystal clear that it was he who desired to bring the marital relationship to an end.
The conduct of Joseph Brickman subsequent to the separation of the parties strengthens our conclusion that he did not intend to live with his wife after he took her to the Pennsylvania Station in New York City and gave her money to use on her trip to Daytona Beach, Florida. Not only did he never attempt to bring about a resumption of cohabitation but he sent her money on only one or two occasions and the small sums which he did forward her were admittedly not for her support. Furthermore, although he came to this State, resided in Orlando and spent numerous weekends in Daytona Beach, he even failed to visit his wife much less in good faith importune her to return to him and resume cohabitation.
The final decree from which this appeal is prosecuted is reversed with directions to the Chancellor to enter a decree of divorce in favor of appellant Rose Brick-man. See Miller v. Miller, Fla. 60 So.2d 926. The Chancellor is further directed to reconsider the appellant’s application for permanent alimony.
Reversed with directions.
ROBERTS, C. J., and THOMAS and DREW, JJ., concur.