PEARSON, Judge.
The plaintiff-wife brought this cause for alimony unconnected with causes of divorce under section 65.10 Fla.Stat., F.S.A. The husband counterclaimed for divorce upon the ground of desertion. After trial the chancellor entered a final decree which denied the husband’s claim for a divorce and granted the wife’s claim for alimony. The decretal portion of this order is as follows:
“That the equities are with the plaintiff;
“That the defendant, George St. John Reid, do pay to the plaintiff, D. Virginia Reid, for her support and maintenance the sum of Two Hundred and Seventy-five Dollars ($275.00) per month.
“It Is Further Ordered, Adjudged And Decreed that the defendant, George St. John Reid, pay to the plaintiff’s attorneys the sum of Five Hundred Dollars ($500.00) for their reasonable compensation for services rendered in this cause, together with the costs of this cause, including the fees of the Special Examiner for taking the testimony.
“It Is Further Ordered, Adjudged And Decreed that the counterclaim of the defendant, George St. John Reid, be and it is hereby dismissed.”
The husband appeals and under proper assignments urges: (1) That the court erred in denying the defendant, cross-plaintiff, a divorce. (2) That the decree is fatally defective because there is no adjudication that the parties shall live separate and apart from each other nor does the decree provide for more than one monthly payment. (3) That the decree is unconscionable because it imposes an unjust burden on the defendant. There are certain additional assignments argued.
The record reveals sufficient evidence to support the chancellor’s finding against the husband upon his claim for divorce on the ground of desertion. -It is undisputed that the husband abandoned the marital residence. Thereafter the wife moved to an apartment. There is no evidence to prove the husband’s re-establishment of a home or an invitation to the wife to join him in a home. See Brickman v. Brickman, Fla.1953, 64 So.2d 685; Betts v. Betts, Fla.1953, 63 So.2d 302. The wife’s action in moving to other quarters after her husband left her cannot be construed as a willfil and obstinate desertion.
The appellant’s objection to the form of the decree is not well taken. While it might, by strained construction, be said to contain an ambiguity, the appellant has not offered the trial judge an opportunity to correct the alleged error. A party will not be heard in an appellate court to complain for the first time of errors of form. Cf. McClanahan v. Mayne, 103 Fla. 600, 138 So. 36.
The chancellor set the sum of two hundred and seventy-five dollars a month as support for the wife. The record reveals that the husband has liquid assets of between $25,000 and $45,000 and no income. He apparently prefers to live upon accumulated capital rather than to risk investment. Under such circumstances the chancellor based the allowance made upon the amount that the husband had contributed by arrangement between the parties themselves. We find no fault with this basis, inasmuch as there is reserved by law to the husband the right of modification if and when conditions change. However we do hold that the chancellor erred in not taking into consideration that the wife is sharing her apartment with her daughter by a previous marriage. This *576 daughter is of course not entitled to support from the defendant and actually is self-supporting. The rent on the apartment is $90.00 per month. Of this amount the share of the wife is $45.00. The total allowance should therefore be reduced to $230.00 per month.
No other assignment having presented reversible error, the decree is affirmed except as above set out.
Affirmed in part and reversed in part and remanded for the entry of an amended final decree in accord with this opinion.
CARROLL, CHAS., C. J., and HORTON, J., concur.