BARKDULL, Chief Judge.
The appellant, plaintiff in the trial court, appeals from a final decree of devorce in which the chancellor awarded a divorce to the appellee on his counterclaim alleging extreme cruelty, and awarded the wife the custody of the minor children of the parties, together with support and alimony. She urges error in the entry of the final decree in three particulars: First;-that the court erred because the husband failed to seek a reconciliation; second, that he failed to support the allegations of his counterclaim and, third, that she was entitled to a decree on her original complaint.
Taking the points in inverse order, it appears from the final decree that the wife offered no testimony and proofs to support her complaint and, therefore, the action of the chancellor was correct in denying her relief. See: Straughter v. Straughter, Fla.1956, 87 So.2d 499; Martin v. Martin, Fla.App.1958, 102 So.2d 837. There is substantial, competent evidence to support the granting of a divorce to the appellee on his counterclaim and, with such in the record, the appellant has failed to demonstrate error. See: Ball v. Ball, 160 Fla. 601, 36 So.2d 172; Stoller v. Jaffe, Fla. *260 App.1960, 125 So.2d 310. As to the first error urged [to wit: the burden on the husband to seek a reconciliation], the case cited as authority for the proposition by the ap-pellee [Brickman v. Brickman, Fla.1953, 64 So.2d 685] was one wherein the grounds upon which a divorce was sought by the husband was desertion; whereas in the instant case the ground is extreme cruelty. The principle requiring- the husband to seek a reconciliation when attempting to secure a divorce upon the statutory ground of desertion is valid, but is not applicable when the ground is other than desertion. Furthermore, even if such was required, it appears from the record that the husband did in fact make an effort to discuss the marital differences and to settle or reconcile same. Therefore, no error having been made to appear, the final decree here under review is hereby affirmed.
Affirmed.