HENDRY, Judge.
Appellant Jonathan Turk, an unsuccessful bidder at a judicial sale, seeks review of an order dated April 24, 1972, entered by the circuit court of Dade County, Florida. The order appealed approved the sale of certain realty to the highest bidder for cash made by a consensual receiver.
We have expedited this appeal, as the closing is now set for July 19, 1972. We have deferred ruling on the several motions to dismiss the appeal until after the hearing on the merits of the appeal. We deny the motions to dismiss and affirm the order confirming the sale by the consensual receiver.
To begin with, Paul D. Barnes, Jr. is the successor receiver of the Florida Exploration Company, appointed by the circuit court of Dade County, Florida, with the consent of all interest parties. The appointment of the receiver was made in 1958 pursuant to the general equity power of the court and pursuant to the substantially similar forerunner of § 608.28, Fla.Stat.1972, F.S.A.
The salient facts are that on March 23, 1972 Lantz and Capustin, co-trustees, made a cash bid of $551,000; the next highest cash bid was $361,000. The chancellor issued a rule to show cause to all parties why the $551,000 cash bid should not be accepted. On April 20, 1972, in open court all, or virtually all, of the beneficial owners advised the court that they de *876 sired cash bids. Thereafter, Jacobo Caridi responded to the rule and offered $650,000 cash bid and a bid on terms in excess of that which had been presented by Turk. The court conducted an auction between Turk, Lantz and Capustin and Caridi. The results were that Turk’s $670,000 cash bid was topped by Caridi’s $740,000 cash bid which was then topped by Lantz and Capustin’s cash bid of $750,000.
Lantz and Capustin filed motions to dismiss this appeal on the grounds that Turk lacked standing to prosecute it. The receiver also filed a motion to dismiss on the grounds that the appellant lacked standing, failed to comply with the notice requirements of the Florida Appellate Rules, brought a meaningless appeal based on his failure to secure a supersedeas in the face of the impending closing, and would require the receivership to extend beyond its stipulated ten year term. The Jupiter Corporation joined in the receiver’s motion to dismiss.
Appellant Turk contends that he has standing and on the merits urges that the trial court abused its discretion and denied him due process of law by failing to provide notice and an opportunity to be heard.
We deny the several motions to dismiss and hold that the appellant has standing to prosecute this appeal.
On the merits, we do not hesitate to point out that the instant case is not the classic example of a judicial sale, but rather is one growing out of a sale by a receiver who was appointed by stipulation to govern the affairs of a corporation composed of two rival groups of stockholders. In addition, the sale on cash terms was directed by the court, which itself entertained the bids.
In cases concerning judicial sales, it is a well accepted principle of Florida jurisprudence that courts of equity have general supervision over such sales made under their decrees. The principle applies to appeals directed to orders confirming or refusing to confirm sales, Watson v. Vafides, Fla.App.1968, 212 So.2d 358, and under certain limited circumstances, to orders setting aside or vacating sales for cause even after confirmation. Maule Industries v. Seminole Rock and Sand Company, Fla.1957, 91 So.2d 307.
In light of this general supervisory power both before and after an order confirming the sale has been entered, we find it was well within the chancellor’s discretion to attempt to secure the most advantageous sale, in line with the wishes of the great bulk of the beneficial owners of a corporation which had been placed in a consensual receivership.
Furthermore, we note that appellant Turk did not lodge sufficient objection when the chancellor announced the procedure to be followed at hearing on April 20, 1972. We also note no petition for rehearing or other action by which the appellant complained of the proceedings employed by the chancellor to finally effect a sale. Therefore, appellant waived his rights and cannot be heard to complain for the first time on appeal. Cf. McClanahan v. Mayne, 103 Fla. 600, 138 So. 36 (1931).
We have considered the record, briefs and arguments of counsel in the light of the controlling principles of law. We have concluded that the appellant has failed to demonstrate that the chancellor abused his discretion or committed reversible error. Therefore, for the reasons stated and upon the authorities cited, the order confirming the sale of the real property is affirmed.
In view of the time set for the closing of this transaction, the deadline for filing a petition for rehearing, if any, is hereby set at Noon on Tuesday, July 18, 1972. See: City of Coral Gables v. Carmichael, Fla.App.1972, 256 So.2d 404; Lalor v. Dade County, Fla.App.1972, 258 So.2d 843.
Affirmed.