JOHNSON, Judge.
Appellant seeks reversal of the trial court’s final order dismissing its action against appellees with prejudice for failure to file a second amended complaint.
By final judgment rendered on June 15, 1971, and amendment thereto on September 9, 1971, the Circuit Court of Duval County, in Civil Action No. 70-8438, ordered a public sale to the highest bidder *662 of the real and personal property of the appellees as partners in Confederate Point Apartments, Ltd., said property consisting of land improved by an apartment complex together with the furnishings therein. The public sale was held on October 7, 1971, and appellant purchased the property. The Certificate of Title was completed and filed on October 20, 1971.
On May 12, 1972, appellant filed against appellees a complaint for declaratory judgment seeking payment from appellees for certain portions of the October, 1971, rental receipts and mortgage interest and for funds on deposit with appellees for the various apartments which were occupied by tenants at the time of the sale. Appellees moved to dismiss the complaint upon the grounds, inter alia, that the complaint showed on its face that the matters complained of and sought to be declared and determined were res adjudicata, the same having been conclusively adjudicated in Civil Action No. 70-8438. The motion to dismiss was granted and appellant filed an amended complaint. Said complaint was not entitled a complaint for declaratory judgment, but the relief sought by appellant was the same. Upon the grounds above stated; to wit: that the construction and effect of a previously entered judgment or decree may not be construed in a subsequent action, appellees again moved to dismiss the amended complaint. The motion was again granted with leave to appellant to file a second amended complaint within a designated time. Appellant having failed to file said second amended complaint within the time allowed, a final order was entered dismissing appellant’s action with prejudice. Appellant herein contends that its amended complaint stated a cause of action and that it was error for the trial court to dismiss this civil action.
We do not agree. Appellant was the successful bidder at a judicial sale ordered in a prior action. By the present action, appellant seeks to alter or add to the terms of said judicial sale by claiming an entitlement to certain rebates. The final judgment and its amendment in Civil Action No. 70-8438, upon which the sale and purchase were based, do not provide for such adjustments to the bid of the successful purchaser.
This judicial sale was held pursuant to Florida Statutes, § 45.031, F.S.A. When appellant received its Certificate of Title, the sale stood confirmed. Florida Statutes, § 45.031(4), F.S.A. Confirmation of a judicial sale has the effect of a final conclusive judgment and cures all irregularities, misconduct and unfairness in the making of the sale. McClanahan v. Mayne, 103 Fla. 600, 138 So. 36 (1931). Purchasers of property at a judicial sale, and all persons claiming under them, are regarded as privies to the judgment authorizing the sale and are concluded by said judgment. 50 C.J.S. Judgments § 810.
In conclusion, appellant’s complaint called upon the trial court to construe, clarify or modify its former judgment of sale or to declare appellant’s rights thereunder. Appellant’s claims could have and should have been made only in the action which gave rise to the sale wherein appellant’s rights were determined. We pause here to note that appellant, if aggrieved by the judgment of sale, could have appealed from the same even though it was not named as a party in the cause. Miller v. Stavros, 174 So.2d 48 (Fla.App. 3rd, 1965). By not acting to protect its rights in the prior action, appellant is now barred from doing so and the trial court correctly granted the respective motions to dismiss.
Affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.