SCHEB, Acting Chief Judge.
This appeal arises from the aftermath of a suit to foreclose a mortgage. By stipulation of the parties the mortgage foreclosure proceedings were dismissed, the lis pendens dissolved, and the matter submitted to the court for entry of a judgment of partition.
On March 6, 1986, the court entered a judgment of partition finding that Gerald A. Page and Prime Time Radio, Inc., were tenants in common of a motel property described as Lots 92 & 93, Block F, Isle of Palms, according to Plat Book 7, Page 52 of the Public Records of Pinellas County, Florida, together with certain personal property incident thereto. The court found the property not to be divisible in kind and ordered a partition sale, at which the owners were each allowed to bid.
Prime Time Radio, Inc., was the successful bidder at the judicial sale and was issued a clerk’s certificate of sale on May 22, 1986. Thereafter, on June 13, 1986, the court entered a final judgment approving the sale and confirming title in Prime Time Radio, Inc. After the court denied a motion for rehearing filed by Gerald A. Page, this appeal ensued.
Appellant Page raises several points in seeking to reverse the trial court’s judgment confirming title to the aforedescribed real property in Prime Time Radio, Inc. After reviewing appellant’s brief and examining the record on appeal, we find merit only to his contention that the trial court’s judgment improperly voided the interests of Bud Page Realty, Inc., and The Florida Group, Inc., which claim some right, title or interest in the aforedescribed property.
The record does not reveal that any lis pendens notice was filed or that any judicial restraints were imposed on conveyance or encumbrance of the interests of the parties after the original foreclosure proceedings were dismissed. Nevertheless, the final judgment confirming title in Prime Time Radio, Inc., purports to render conveyances or encumbrances involving entities not parties to this litigation void. Since Bud Page Realty, Inc., and The Florida Group, Inc., were not parties to the litigation, their interests are not affected by the final judgment. See Baltzell v. Daniel, 111 Fla. 303, 149 So. 639 (Fla.1933).
Accordingly, we affirm the trial court’s final judgment entered June 13, 1986, insofar as it approves the clerk’s certificate of sale entered May 22, 1986, and confirms title to the aforedescribed property in Prime Time Radio, Inc. However, we amend said judgment to provide that nothing therein shall affect the right, title or interest, if any, of Bud Page Realty, Inc., and The Florida Group, Inc., in respect to the property described herein.
CAMPBELL and LEHAN, JJ., concur.