560 So.2d 250 (1990)
Martin A. SOLL, Appellant,
v.
Dayl M. SOLL, Appellee.
No. 89-340.
District Court of Appeal of Florida, Third District.
March 13, 1990.
Rehearing Denied May 22, 1990.
*251 Martin A. Soll, in pro. per.
Highsmith, Strauss, Glatzer & Deutsch and Philip Glatzer, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
PER CURIAM
The ex-husband appeals from a final judgment of dissolution insofar as it awarded the wife his interest in the marital home as equitable distribution and lump sum alimony and granted permanent alimony of $500 per month.
Upon consideration of all of the evidence, we find that these awards, taken together, amount to an unjustified "short-changing" of the husband beyond his ability to pay, and thus represent an abuse of the trial court's discretion. Thus, both awards cannot stand. See Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla. 1980). At oral argument the parties indicated that, were we to reach this conclusion, they both preferred that we rectify the inequity by affirming the disposition of the home and setting the award of alimony aside. We agree that this remedy represents an acceptable appellate resolution of the situation. It is accordingly ordered that the award of alimony is vacated[1] and the remaining portions of the judgment below, including the transfer of the husband's interest in the home, are affirmed.
NOTES
[1] Nothing in this opinion precludes the trial court from retaining jurisdiction to make an award of alimony in the future should a change in circumstances require that result. Greene v. Greene, 256 So.2d 258 (Fla. 3d DCA 1972), cert. denied, 263 So.2d 832 (Fla. 1972).