568 So.2d 501 (1990)
COMMERCIAL LAUNDRIES, INC., Appellant,
v.
GOLF COURSE TOWERS ASSOCIATES; Ronald Berlin; Fairway Palm Partners; et al., Appellees.
No. 90-1347.
District Court of Appeal of Florida, Third District.
October 16, 1990.
*502 Ferdie and Gouz, Coral Gables, for appellant.
William P. McCaughan, Miami, for appellees.
Before BARKDULL, LEVY and GODERICH, JJ.
PER CURIAM.
Commercial Laundries, Inc. [Commercial], appeals a court order granting the receiver's motion to terminate a lease. We have jurisdiction pursuant to Rule 9.130(a)(3)(C)(iii), Florida Rules of Appellate Procedure and hereby reverse.
Jose Milton, the owner of an apartment complex, entered into a lease with Commercial on January 1, 1983, whereby Commercial would rent space in the complex to place coin-operated washers and dryers. Milton sold the complex and the new owners entered into a mortgage with Balcor Real Estate Finance, Inc., dated October 10, 1984. In 1986, a foreclosure action was begun on this mortgage. In conjunction with the foreclosure proceeding, Ronald Berlin, was appointed receiver of the apartment complex in August 1989. As part of his duties as receiver, Berlin reviewed the contracts affecting the receivership estate. Berlin determined that Commercial's lease was not beneficial to the estate and, therefore, sought court approval to terminate this contract. Commercial was not served or joined as a party in the foreclosure action. The court granted the receiver's motion to terminate the agreement and entered an ex-parte order on December 19, 1989. Subsequently, a final judgment and certificate of title were issued in the foreclosure proceeding.
Commercial moved to vacate the December 19, 1989 order claiming lack of notice and due process. On April 5, 1990, the trial court granted Commercial's motion to vacate and scheduled an evidentiary hearing on the receiver's motion to terminate the contract. After the hearing, the court again granted the receiver's motion to terminate the contract. The court found that the agreement did not provide for a specified area to be leased; did not provide for a specified rent; and could be terminated by Commercial on thirty days notice. The court further held that the receiver had the authority to terminate the executory agreement. Commercial appeals the order dated May 14, 1990, terminating the contract.
A trial court loses jurisdiction to modify the substance of the final judgment thirty days after its rendition, Conner v. Northeastern Int'l Airways, Inc., 543 So.2d 397 (Fla. 4th DCA 1989), unless the court retains jurisdiction to enforce the judgment. See Brickell Station Towers, Inc. v. JDC (America) Corp., 564 So.2d 132 (Fla. 3d DCA 1990); A-One Coin Laundry *503 Equip. Co. v. Waterside Condominium Ass'n, Inc., 561 So.2d 590 (Fla. 3d DCA 1990); Soll v. Soll, 560 So.2d 250 (Fla. 3d DCA 1990). In an action relating to the foreclosure of property, the trial court's jurisdiction over the property ends after the entry of a final judgment and the time for altering, modifying or vacating the judgment expires. Patin v. Popino, 459 So.2d 435 (Fla. 3d DCA 1984). The confirmation of a judicial sale by the issuance of a certificate of title constitutes a final judgment. Confederate Point Partnership Ltd. v. Schatten, 278 So.2d 661 (Fla. 1st DCA 1973). Therefore, in the instant case, the trial court lacked jurisdiction to terminate Commercial's leasehold interest since the court did not retain jurisdiction and the court's actions took place after the judicial sale and after the certificate of title which conveyed title to the property had already been issued.
In addition, the trial court lacked jurisdiction to invalidate Commercial's lease upon the request of the receiver where Commercial was not a party to the foreclosure action. See Dundee Naval Stores v. McDowell, 65 Fla. 15, 61 So. 108 (1913). As a nonparty to the main action, Commercial's interest cannot be affected by the final judgment. See Baltzell v. Daniel, 111 Fla. 303, 149 So. 639 (1933); Page v. Cop, 506 So.2d 1135 (Fla. 2d DCA 1987).
In summary, we find that the trial court's jurisdiction to interfere with any contract affecting the property ceased with the issuance of the certificate of title and that Commercial's leasehold interest in the property, as a nonparty to the main foreclosure action, was beyond the jurisdiction of the trial court. For these reasons, the order granting the receiver's motion to terminate the lease is reversed.