940 So.2d 1185 (2006)
ESQUE REAL ESTATE HOLDINGS, INC., James Thompson and Janet Kent, Appellants,
v.
C.H. CONSULTING, LTD., C.H. Consulting, Inc., Chris Heine and Eleanor B. Halperin, Appellees.
No. 4D05-3229.
District Court of Appeal of Florida, Fourth District.
October 4, 2006.
Brad Culverhouse of Brad Culverhouse, Attorney At Law, Chartered, Fort Pierce, for appellants.
John R. Hart, Michael K. Winston and Dean A. Morande of Carlton Fields, P.A., West Palm Beach, for appellees.
STEVENSON, C.J.
Appellants, Esque Real Estate Holdings, Inc., James Thompson and Janet Kent, appeal the trial court's order denying *1186 their motion to quash and vacate a foreclosure sale and ordering the issuance of a certificate of title and writ of possession to C.H. Consulting, Ltd. Because appellants did not allege a defect or irregularity connected with the sale, we affirm.
On April 26, 2002, Esque Real Estate Holdings, Inc. delivered a note and mortgage to the lender and appellee, C.H. Consulting, Ltd. On June 10, 2004, the trial court rendered a final judgment of foreclosure in favor of C.H. Consulting, Ltd. The final judgment provided for a total sum of $973,388.85, which included the principal balance of $700,000 and unpaid interest of $273,388.85. Additionally, the trial court retained jurisdiction to award C.H. Consulting costs and attorney's fees. As a result of stays, the foreclosure sale was reset from July 13, 2004 to June 21, 2005. On the date of the sale, C.H. Consulting purchased the property for $1,000.
In their July 1, 2005 motion to vacate the sale, appellants claimed C.H. Consulting, Ltd., in violation of section 701.04, Florida Statutes (2005),[1] failed to timely respond to a title company's two written requests for estoppel letters on their behalf. Appellants maintained that had C.H. Consulting timely responded to the first request, they could have redeemed the property, which had an appraised value of 2.2 million dollars. Appellants further claimed that at the June 20, 2005 hearing on their emergency motion to stay the sale, C.H. Consulting made false representations to the trial court by failing to acknowledge that it had received the first request for an estoppel letter. The trial court denied the motion to vacate the foreclosure sale. On appeal, appellants assert that the trial court was obligated, based on either the equitable powers of the court or Florida Rule of Civil Procedure 1.540, to conduct an evidentiary hearing to determine if C.H. Consulting committed fraud by claiming it received only the latter request for an estoppel letter and by purchasing the property for the "shocking" price of $1,000. We disagree.
"Whether the complaining party has made the showing necessary to set aside a [foreclosure] sale is a discretionary decision by the trial court, which may be reversed only when the court has grossly abused its discretion." United Cos. Lending Corp. v. Abercrombie, 713 So.2d 1017, 1018 (Fla. 2d DCA 1998). In Arlt v. Buchanan, 190 So.2d 575 (Fla.1966), our supreme court stated:
The general rule is, of course, that standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.
Id. at 577. Applying Arlt, this court has held that to vacate a foreclosure sale, the trial court must find "`(1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity in the sale.'" Blue Star Invs., Inc. v. Johnson, 801 So.2d 218, 219 (Fla. 4th DCA 2001) (quoting Cueto v. Mfrs. & Traders Trust Co., 791 So.2d 1125, 1126 (Fla. 4th DCA 2000)). In the instant case, even assuming that the purchase *1187 price was grossly inadequate, neither C.H. Consulting's alleged failure to timely provide an estoppel letter nor its alleged false representation that it did not receive the initial request for an estoppel letter amounts to an "irregularity" connected with the sale.
The instant case is somewhat similar to Action Realty & Investments, Inc. v. Grandison, 930 So.2d 674 (Fla. 4th DCA 2006). There, Mortgage Electronic Registration Systems (MERS), the lender, sought to foreclose on Halima Grandison's home. Id. at 675. The foreclosure sale was scheduled for October 12, 2004. Grandison did not respond to the title company's requests for payoff information and MERS did not send payoff information to the title company until the day before the sale. Grandison filed a motion to vacate the sale, asserting that MERS failed to provide an estoppel letter to the title company and the property sold for less than it was worth. The trial court agreed that MERS was responsible for the untimely delivery of the payoff information and was at fault for Grandison losing her right of redemption. Id. This court reversed the trial court's order because the purchase price was adequate and Grandison failed to establish "irregularities in the sale process." Id. at 678.
Likewise, Fernandez v. Suburban Coastal Corp., 489 So.2d 70 (Fla. 4th DCA 1986), is illustrative. In Fernandez, the mortgagee, Suburban Coastal Corp., arranged for a company to attend a foreclosure sale and "bid up to the extent of the mortgage balance of $54,300." Id. at 71. The company failed to attend the sale and Fernandez purchased the property for $100. The trial court found the company was at fault and ordered the clerk of court to vacate the certificate of sale. This court held:
It is a long standing rule that inadequacy of price alone is not sufficient to set aside a judicial sale. However, where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.
Id. (citation omitted). Because the company's failure to attend the salean incident connected with the sale processresulted in an inadequate bid price, this court affirmed the trial court's broad discretion in setting aside the sale. See id. at 72.
Appellants, here, have not challenged the final judgment of foreclosure, but only the foreclosure sale. We hold that because they have failed to allege any irregularity or defect connected with the sale process, the trial court did not abuse its discretion in denying their motion to vacate the foreclosure sale without holding an evidentiary hearing.[2] We have examined the other issues on appeal and find no error.
Affirmed.
*1188 STONE, J., and BATEMAN, III, THOMAS HOWELL, Associate Judge, concur.
NOTES
[1] Section 701.04 provides in part:

(1) Within 14 days after receipt of the written request of a mortgagor, the holder of a mortgage shall deliver to the mortgagor at a place designated in the written request an estoppel letter setting forth the unpaid principal balance, interest due, and the per diem rate.
[2] We acknowledge that the Second District in Ingorvaia v. Horton, 816 So.2d 1256 (Fla. 2d DCA 2002), has questioned the viability of Arlt's two-part test when adequacy of price is not an issue. There, the court stated that "to hold that a trial court may not vacate a foreclosure sale absent a grossly inadequate bid price would deprive the courts of their equitable powers and their duty to protect and preserve the integrity of the judicial sale process." Id. at 1258-59. Nevertheless, the requirement that there be some defect or irregularity connected with the sale was not at issue in Ingorvaia because, there, the assignee of the mortgage was not notified of the final judgment and sale, and due process concerns made the sale irregular. Id. Of course, a defect or fraud in obtaining the final judgment of foreclosure can also lead to a setting aside of the accompanying judicial sale. See U-M Publ'g, Inc. v. Home News Publ'g Co., 279 So.2d 379 (Fla. 3d DCA 1973).