PER CURIAM.
Appellant, a third-party purchaser in a mortgage foreclosure sale, appeals the trial court’s denial of his motion for rehearing of the court’s prior order, which granted Deutsche Bank National Trust Company’s emergency motion to rescind and reschedule the foreclosure sale. We reverse because the trial court erred in summarily granting the bank’s motion to rescind the foreclosure sale without notice to appellant and without an evidentiary hearing on the bank’s allegations that the bid was grossly inadequate and resulted from mistake, fraud, or other irregularity in the sale.
On May 1, 2009, Deutsche Bank National Trust Company filed a foreclosure action in Palm Beach County Circuit Court against the homeowner. Subsequently, the trial court entered a final judgment of foreclosure against the homeowner for the amount of $350,419.21 on April 30, 2010. The trial court scheduled the foreclosure sale of the subject property for June 10, 2010 at 10:00 a.m.
On May 25, 2010, the bank filed a Motion to Cancel the Foreclosure Sale to determine whether the homeowner qualified for a loan modification. The trial court, however, failed to enter an order cancelling the foreclosure sale, and the sale went forward as scheduled on June 10, 2010.
At the foreclosure sale, appellant submitted the highest bid of $16,100.00 for the subject property and received a certificate of sale, which he filed that day. The bank promptly filed an Emergency Motion to Rescind and Reschedule the Foreclosure Sale, asserting that “[d]ue to its mistake or inadvertence, and because [the bank] believed the sale would be cancelled, [the bank] failed to send a representative to the foreclosure sale.” The bank further alleged that the property was appraised at $185,940.00, and that a third-party purchaser’s bid of $16,100.00 was “grossly undervalued at 11.55% of the property’s appraised value.” Along with the bank’s emergency motion, the homeowner filed an objection to the foreclosure sale; the homeowner mistakenly believed that the foreclosure sale had been cancelled and argued that granting the objection would not prejudice anyone since title to the subject property had not been transferred.
On June 17, 2010, the trial court granted the emergency motion to rescind the fore *835 closure sale during a uniform motion calendar hearing. Appellant did not receive notice of the hearing. On June 25, 2010, appellant filed a motion for rehearing, asserting that rescission of the foreclosure sale was improper because he was not given notice of the hearing and the bank failed to present evidence sufficient to vacate the sale. The trial court denied appellant’s motion for rehearing on August 18, 2010 because the “June 10, 2010 should have been cancelled and therefore vacated.”
We first address the bank’s argument that appellant lacks standing to appeal because he failed to follow the procedures for intervention of non-parties set forth in Florida Rule of Civil Procedure 1.230. The bank contends that because appellant did not obtain a court order permitting him to intervene in this foreclosure suit prior to filing this appeal, he now lacks standing to be a party in this action. Appellant responds that such procedure is unnecessary, as Florida’s well-settled law recognizes that a third-party purchaser who is not a named party in the action becomes a quasi-party with standing to appeal an adverse ruling. Appellant argues that as a third-party purchaser, he is a quasi-party who does not need to intervene under Rule 1.230 in order to have standing to appeal. We agree. See Miller v. Stavros, 174 So.2d 48, 49 (Fla. 3d DCA 1965) (stating that a third-party purchaser in a foreclosure sale does not have to intervene in a foreclosure suit in order to become a party to the action and such third-party purchaser has standing on appeal because “[a] purchaser at a mortgage foreclosure sale, who is not a named party in the cause, becomes a quasi party”); Confederate Point P’ship, Ltd., v. Schatten, 278 So.2d 661, 662 (Fla. 1st DCA 1973) (stating that “[purchasers of property at a judicial sale, and all persons claiming under them, are regarded as privies to the judgment authorizing the sale,” and noting that if a third-party purchaser was aggrieved by the judgment of sale, that purchaser could appeal the judgment of sale even though he or she was not named as a part of the cause of action).
As to the merits, “[wjhether the complaining party has made the showing necessary to set aside a [foreclosure] sale is a discretionary decision by the trial court, which may be reversed only when the court has grossly abused its discretion.” Ingorvaia v. Horton, 816 So.2d 1256, 1259 (Fla. 2d DCA 2002) (quoting United Cos. Lending Corp. v. Abercrombie, 713 So.2d 1017, 1018 (Fla. 2d DCA 1998)). “It is well established that courts may exercise their discretion as courts of equity to set aside foreclosure sales and allow mortgagors to exercise their statutory right of redemption where there has been some defect in the proceedings regarding notice of the foreclosure sale date, or other egregious matters, such as a grossly low bid by the purchaser and accident or mistake on the part of the mortgagor or an attorney representing the mortgagor, in failing to attend the foreclosure sale.” Cicoria v. Gazi, 901 So.2d 282, 287 (Fla. 5th DCA 2005).
Appellant argues that the trial court abused its discretion by summarily granting the bank’s motion to vacate the foreclosure sale during motion calendar without giving him notice of the hearing or conducting an evidentiary hearing on whether the property’s purchase price was “grossly or startlingly inadequate” and resulted from the bank’s mistake, which affected the sale. Further, appellant argues that the bank’s motion to vacate the sale contained mere assertions about the inadequacy of the bid price and the bank’s “mistake” but failed to provide any supporting *836 affidavits or evidence to prove its allegations.
For a trial court to properly rescind a foreclosure sale, the record must demonstrate that the sale was improper based upon a two-part test. The mortgagor has the burden of proving not only that “the foreclosure sale bid was grossly or startlingly inadequate,” but also that the bid’s inadequacy resulted from “some mistake, fraud or other irregularity in the sale.” Blue Star Invs., Inc., v. Johnson, 801 So.2d 218, 219 (Fla. 4th DCA 2001) (quoting Cueto v. Mfrs. & Traders Trust Co., 791 So.2d 1125, 1126 (Fla. 4th DCA 2000)) (internal quotations omitted).
In determining whether a foreclosure sale should be vacated, a trial court may conduct an evidentiary hearing on the bank’s motion to rescind the sale. Cf. Esque Real Estate Holdings, Inc. v. C.H. Consulting, Ltd., 940 So.2d 1185, 1187 (Fla. 4th DCA 2006) (holding that “because [the bank] ... failed to allege any irregularity or defect connected with the sale process, the trial court did not abuse its discretion in denying their motion to vacate the foreclosure sale without holding an evidentiary hearing”). A trial court conducts an evidentiary hearing because attorneys’ arguments are not evidence. See State v. Jones, 30 So.3d 619, 622 (Fla. 2d DCA 2010) (“A trial court may not rely on argument by counsel to make factual determinations.” (citing Ordonez v. State, 862 So.2d 927, 930 (Fla. 2d DCA 2004))). Moreover, unsworn statements by an attorney at a hearing do not establish facts upon which the trial court can rely. Sonson v. Hearn, 17 So.3d 745, 747 n. 1 (Fla. 4th DCA 2009) (citing Leon Shaffer Golnick Adver., Inc. v. Cedar, 423 So.2d 1015, 1017 (Fla. 4th DCA 1982)).
Here, it appears the trial court summarily granted the bank’s motion to rescind the foreclosure sale without holding an evidentiary hearing to determine a factual basis for the bank’s claims. As noted earlier, the bank’s motion did not attach sworn affidavits, and the bank did not present testimony at the calendar call. The record does not reflect that the bank presented witnesses who vouched for the bank’s mistake or testified to the gross inadequacy of the price. We thus conclude that the trial court abused its discretion in summarily granting the motion without holding an evidentiary hearing to determine whether the sale should have been set aside. See U.S. Bank Nat’l Ass’n. v. Bjeljac, 43 So.3d 851, 853 (Fla. 5th DCA 2010) (noting that due process requires that a hearing be held on the bank’s request to set aside a foreclosure sale). Accordingly, we reverse and remand this cause for further proceedings consistent with this opinion.

Reversed and Remanded.

GROSS, C.J., TAYLOR and HAZOURI, JJ., concur.