CASANUEVA, Judge.
James Ryan and Michael A. Drazkowski, successful bidders at a foreclosure sale, appeal the order setting aside the judicial sale. Because the appellee’s motion to set aside the sale was not timely filed, we reverse.
Countrywide Home Loans, Inc., (Countrywide) instituted a successful mortgage foreclosure action, and obtained a judgment in the amount of $81,506.45 on real property having a fair market value of $75,000. The judicial sale of the property was scheduled for August 11, 1997, at the Pinellas County Courthouse. Countrywide, located in Jacksonville, Florida, hired The Hunter Company (Hunter) to act as its local agent at the sale. Hunter, in turn, hired Mr. Darby White to personally attend the sale and bid on the property as instructed. On the date of the sale, Mr. White appeared at the Pinellas County Courthouse; unfortunately, he appeared at the St. Petersburg location rather than the Clearwater location, where the sale was to occur. Upon learning of his error, Mr. White contacted the Clerk of the Court’s office in Clearwater and requested a delay of the sale. Although it is unclear from this record whether the sale was delayed, Mr. White did not arrive in time, and the property was sold to the appellants for $100.
On August 20, 1997, within ten days of the sale, Hunter, through its attorney, Mr. Douglas J. Barnard, filed an objection to the sale, titling it “Plaintiffs Objection to and/or Motion to Rescind Sale.” The motion was heard on October 8, 1997. Mr. *37 Barnard appeared on behalf of Hunter, the appellants were represented by counsel, and Mr. Claude R. Walker appeared tele-phonically on behalf of Countrywide. At the hearing, the appellants’ counsel took the position that Hunter was not the plaintiff, Countrywide was; and that Hunter was only a third party agent who had no standing to file the objection. Circuit Judge Richard A. Luce was inclined to agree with this position because, despite the caption “Plaintiffs Objection ...,” the motion began “Comes now the third party agent....” Mr. Barnard also agreed, stating that the caption was a typographical error and it should have read “Third Party’s Objection.... ” Judge Luce correctly observed that Hunter was not a party to the litigation because no motion to intervene was ever filed or granted; therefore, Hunter did not possess a legal interest sufficient to confer standing upon it. Countrywide’s counsel made no comment or objection to Mr. Barnard’s correction of the caption nor to a later comment by the appellants’ counsel that the plaintiff, Countrywide, had filed no motion. Because Judge Luce realized that more time would be necessary to resolve the motion than had been scheduled, he continued the hearing with the date to be reset later. During the hearing Countrywide never adopted or claimed Hunter’s motion as its own, nor did it challenge the judge’s or Mr. Barnard’s characterization of Hunter’s relationship to the proceedings.
Five days after this hearing, on October 13, 1997, Countrywide filed a “Corrected Plaintiffs Objection to Sale and/or Motion to Rescind Sale,” signed by Mr. Barnard as co-counsel for Countrywide. Ultimately, a successor judge held the rescheduled hearing and granted Countrywide’s motion to set aside the judicial sale. The successor judge found that Countryside’s motion related back to the motion originally filed by Hunter. This appeal followed.
When a party timely objects to a judicial sale, the trial judge becomes authorized to exercise his or her discretion to set it aside. See United Cos. Lending Corp. v. Abercrombie, 713 So.2d 1017 (Fla. 2d DCA 1998). However, as a matter of law, the circumstances of this case cannot sustain the conclusion that Countrywide’s motion was timely filed.
Section 45.031, Florida Statutes (1997), requires that objections to a judicial sale be filed within ten days following the sale. Countrywide’s motion, not Hunter’s, was filed on October 13, 1997, approximately sixty days following the sale, and, therefore, was not timely. To avoid this time bar, Countrywide contends that it is entitled to claim Hunter’s motion, and its timely filing date, as its own. Countrywide argues that it may relate back to that date pursuant to Florida Rule of Civil Procedure 1.190. This rule allows a pleading to relate back if it arose out of the occurrence set forth in the original pleading. What Hunter and Countrywide each filed was a motion, not a pleading. Thus, it cannot relate back under this rule. Moreover, Countrywide and Hunter are not an identical party so that one may act for the other in a legal proceeding. The trial judge erred in holding that Countrywide’s motion could relate back to Hunter’s motion.
We find distinguishable Countrywide’s supplemental authority, Bauer v. Hardy, 667 So.2d 251 (Fla. 1st DCA 1995), filed after oral argument in this case. In Bauer, the successful appellant, on remand, had filed an untimely motion to tax appellate fees against an individual attorney; the First District allowed this untimely motion to relate back to a similar, timely-filed motion against the attorney’s firm. The First District found the situation before it to be analogous to an amendment to pleadings to correct a misnomer that relates back to the date the original pleading was filed. We decline to find Bauer comparable to our case because the motion in Bauer was filed by a person properly before the court, a party to the proceedings. There were also additional equities to consider in Bauer because the *38 individual attorney may have precipitated the misnomer.
Accordingly, because Countrywide did not file a timely motion challenging the judicial sale and because the motion it did file could not relate back to a timely date, the trial court was without authority to set aside the sale. Countrywide’s failure “to take the required steps necessary to protect its own interest, cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties. The law requires certain diligence of those subject to it, and this diligence cannot be lightly excused.” See Wells Fargo Credit Corp. v. Martin, 605 So.2d 531 (Fla. 2d DCA 1992) (citing John Crescent, Inc. v. Schwartz, 382 So.2d 383, 385 (Fla. 4th DCA 1980)). Therefore, although this result, allowing the appellants to acquire property that has a fair market value of $75,000 for $100, is arguably harsh, it must stand due to Countrywide’s lack of proper diligence in timely filing its own objection to the sale.
Reversed and remanded.
PARKER, C.J. and WHATLEY, J., concur.